## NASWORTHY *et al. v.* JAMES.

GEORGE, J. 1. A deed to land is not void for uncertainty of description, if it furnishes the key to the identification of the land intended to be conveyed by the grantor. Civil Code (1910), § 4182; *Swint* v. *Swint,* 147 *Ga.* 467 (2) (94 S. E. 571) ; *Boyd* v. *Sanders,* 148 *Ga.* 839 (98 S. E. 490). Accordingly, it was not erroneous to admit in evidence a deed describing the land as " the Pollett old mill tract of land " in a named militia district and county. *Ga. & Ala. Ry. Co.* v. *Shiver,* 121 *Ga.* 708 (49 S. E. 700) ; *Reeves* v. *Allgood,* 133 *Ga.* 835 (3), 836 (67 S. E. 82).

2. Where in an action for land the plaintiff seeks to recover upon proof of title by prescription under color of title, it is not error to admit in evidence a sheriff's deed made to the plaintiff's predecessor in title who purchasc` at the sheriff's sale, over defendant's objection because the fi. fa. under which the land was sold did not accompany the deed. *Cox* v. *Goodman,* 139 *Ga.* 25 (76 S. E. 357), and cases there cited.

3. The complaint that the court, in a portion of his charge quoted in the motion for new trial, erroneously placed the burden of proof upon the defendant in the action is, in view of the general charge, not well taken.

4. The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 2502. DECEMBER 14, 1921.

Complaint for land. Before Judge Hardeman. Emanuel superior court. January 21, 1921.

*A. S. Bradley,* for plaintiffs in error.

*Rawlings & Wood* and *A. R. Wright,* contra.