## NICHOLS *v.* KILPATRICK *et al.*

GILBERT, J. 1. This case involves a controversy between neighbors over a dividing land line between two city lots, involving a frontage of about twelve or thirteen inches. The verdict is supported by evidence.

2. The jury returned the following verdict: "We, the jury, find for the defendant. We find the true line between the lines of plaintiff and defendant is where the surveyor, Freeman, found and designated it by his plats made in 1913 and 1921. We find the defendant is entitled to an injunction restraining plaintiff from interfering with defendant's rights as found above." One ground of the motion for new trial complains that this verdict should be set aside, because it "is so vague and indefinite and incapable of being applied to anything in the pleadings as to make the same wholly void and unenforceable, and because no writ of possession can legally issue on said verdict or the judgment entered thereupon." The Civil Code, § 5927, declares: "Verdicts are

to have a reasonable intendment, and are to receive a reasonable construction and are not to be avoided unless from necessity." The first sentence in the verdict, "We, the jury, find for the defendant," is clear and unambiguous. The second sentence may be determined from the pleadings and the plat of the surveyor, Freeman, which plat, though not included in the pleadings, is included in the record as evidence. The last sentence of the verdict is surplusage, for the reason that the petition filed by Mrs. Kilpatrick, the defendant, did not contain a prayer for injunction; and this portion of the verdict may be disregarded. This ground is not meritorious.

3. The remaining ground of the motion for a new trial is based upon alleged newly discovered evidence. This ground is supported by the usual affidavit of the parties and counsel, to the effect that they did not know of this evidence until after the trial; and that they made every effort to discover evidence upon the question, but were unable to discover the evidence by the exercise of ordinary diligence. 8 Mich. Dig. Ga. R. Cum. Supp. 966. However, the Civil Code (1910), § 6086, also provides: "If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." Movant wholly fails to comply with that requirement in the present instance; and therefore this ground of the motion cannot be considered. 8 Mich. Dig. Ga. R. Cum. Supp. 992. The granting of a new trial upon the ground of newly discovered evidence is not favored by the courts.

*Judgment affirmed. All the Justices concur, except Atkinson J., dissenting.*

No. 3974. APRIL 17, 1924.

Equitable petition. Before Judge Ellis. Fulton superior court. August 22, 1923.

*Alexander & Meyerhardt,* for plaintiff.

*J. F. Golightly* and *J. F. Methvin,* for defendants.