## 18543.   SHIVER *v.* YOUNG.

JENKINS, P. J.   1. The description of land in a deed is not too indefinite if, with the aid of extrinsic evidence which does not add to, enlarge, or in any way change the description, the land may be identified. *Luttrell* v. *Whitehead,* 121 *Ga.* 699 (49 S. E. 691); *Crawford* v. *Verner,* 122 *Ga.* 814 (50 S. E. 958); *Callaway* v. *Beauchamp,* 147 *Ga.* 17, 18 (92 S. E. 538); *Blackwell* v. *Partridge,* 156 *Ga.* 119, 129 (118 S. E. 739); *Reynolds* v. *Tifton Guano Co.,* 20 *Ga. App.* 49, 59 (92 S. E. 389).   In upholding such an instrument, the doctrine which holds that to be certain which can be made certain will be given application; but in applying this rule it is necessary that the writing shall indicate within itself some method by which the range of extrinsic evidence offered in its aid can be limited; that is, the writing itself must afford the "hinge or hook" to hang the aid to, since if the written description is altogether general and does not point the way for definition by extrinsic evidence, the use of such testimony would be to add to and enlarge the terms of the written description and not merely to clarify the same.   Accordingly, where a timber lease conveys certain pine timber located on two described adjoining tracts of land known as the "home place" and the "Daily place" of the lessor, and also conveys certain poplar timber "which lies in the branch on the Daily place," the lease is not so indefinite in its description as to render the poplar timber conveyed incapable of identification, although it is made to appear from the plaintiff's testimony that there was in fact more than one branch on the "Daily place," or at least two separate tributaries uniting to form one branch, since, assuming (but not deciding) that

the branch, with its two confluing tributaries, should not be taken and considered as "the branch," the terms of the contract suggest a means by which the intention of the parties could be arrived at, "it being expressly understood and agreed that the party of the second part shall ·not, however, cut the timber from the head of the branch on the Daily place except during such time as there are no crops in the field surrounding said head," and it appearing from the evidence that the only tributary surrounded by cultivated land was the one on which the disputed poplar timber was located.

2. Since the lease contract was ambiguous in the particular stated, it was not the duty of the court to construe it as a plain and unambiguous agreement, but to submit to the jury for determination the issue of fact made by the pleadings and the evidence as to the intention of the parties with reference to the particular body of poplar timber intended to be conveyed thereby. *Nelson* v. *Spence,* 129 *Ga.* 35 (7) (58 S. E. 697); *Ludden & Bates* v. *Dairy & Farm Supply Co.,* 17 *Ga. App.* 581 (87 S. E. 823); *Hardy* v. *General Motors Acceptance Corp.,* 38 *Ga. App.* 463 (144 S. E. 327).

3. Where, as in the instant case, the plaintiff sought to recover damages because of the alleged refusal of the defendant to deliver to him certain poplar timber which the plaintiff contended was conveyed by the lease agreement, and the defendant contended that there had been no refusal to deliver the timber actually sold, it was not error to charge the jury that the first question to be determined by them was the amount of the poplar timber sold under the agreement, since the whole controversy between the parties was as to whether the lease agreement conveyed a certain larger body of timber, as contended by the plaintiff, or a certain smaller body, as contended by the defendant. Especially is this true where it appears from the entire charge of the court that just previously to the charge complained of, the court had correctly and fully stated to the jury the contentions of the parties.

4. The evidence authorizes the verdict in favor of the plaintiff, and the trial judge having approved the same, it can not be here set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JULY 13, 1928.

*Sam T. Harrell,* for plaintiff in error. *Branch & Snow,* contra.