MARLIN *et al. v.* HILL, executor.

No. 13758.   JUNE 17, 1941.

438

*S. B. Lippitt*, for plaintiffs in error.

*W. L. Ferguson* and *R. R. Jones*, contra.

Bell, Justice. The question for determination is whether the court erred in sustaining the general demurrer and dismissing the caveat. Mrs. Hill, the testatrix, was predeceased by her husband, who died intestate. They had no children, and therefore she inherited his estate as sole heir at law. It appears that she devised the greater portion of her estate to M. G. Hill, who was a nephew and former partner of her husband, and his administrator. The caveators are collateral relatives, who with others in similar situation are the next of kin of Mrs. Hill. After the death of her husband, Mrs. Hill relied, it is alleged, greatly on M. G. Hill for assistance, not only in matters of business but in personal affairs.

A person may by will make any disposition of his or her property not inconsistent with the laws or contrary to the policy of the State. Code, § 113-106. It is not contended that Mrs. Hill could not by her own free will and accord bequeath her entire estate to M. G. Hill, the nephew of her husband, to the exclusion of her own relatives, if she saw fit to do so. It is insisted, however, that the will as made is unfair and unreasonable on its face, and was obtained by fraud and undue influence on the part of M. G. Hill,

the principal beneficiary. There is no averment, not even a hint, that Mrs. Hill was not of sound and intelligent mind; and therefore it must be assumed that she was possessed of normal mental faculties. It does appear that she had been ill for some time, and that she suffered physical weakness and pain, but not that her mind was impaired at any time before her death, and the will was executed more than three months before that event. The fact that M. G. Hill may have occupied a confidential relation to Mrs. Hill does not, without more, argue that her will was invalid on the ground of fraud or undue influence. Nor could it be treated as invalid because in consequence of such relationship he may have employed an attorney to draw the will, furnished information as to what it should contain, and finally kept it in a safety-deposit box, without divulging its contents. The will having been solemnly executed in form of law, presumably the information so furnished was transmitted from the testatrix. "There can be no fatally undue influence without a person incapable of protecting himself as well as a wrong-doer to be resisted." *DeNieff* v. *Howell,* 138 *Ga.* 248 (6), 251 (75 S. E. 202). See *Burroughs* v. *Reed,* 150 *Ga.* 724 (105 S. E. 290); *Brown* v. *Kendrick,* 163 *Ga.* 149 (5), 166 (135 S. E. 721); *Crutchfield* v. *McCallie,* 188 *Ga.* 833, 840 (5 S. E. 2d, 33). While confidential relation might be an important circumstance to support a charge of fraud or undue influence, a person occupying such relation would not be prevented from exercising any influence whatever to obtain a benefit to himself, and the relationship alone would not afford a substitute for allegations of fact touching fraud or undue influence. *Ricketson* v. *Ricketson,* 151 *Ga.* 540, 544 (107 S. E. 522). We are dealing here only with a question of pleading, and not with any question as to how far proof of such relationship might go toward shifting the burden of evidence on the trial of a will case, where vitiating elements are duly alleged. Compare *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 191 *Ga.* 821 (14 S. E. 2d, 64), which, however, was not a will case.

The undue influence which the law contemplates as a ground to invalidate a properly executed will must be such as amounts to fraud, deceit, force, or coercion, destroying the testator's free agency. It must also be operative at the time the will is executed, and not merely at some other time. *Boland* v. *Aycock,* 191

*Ga.* 327 (12 S. E. 2d, 319). While the caveat in this case alleges numerous irregularities in the administration of the estate of the decedent's husband, which might be considered as fraud on the part of M. G. Hill, as administrator, if duly attacked by a party at interest, yet it appears from the allegations that the only party at interest was Mrs. Hill herself; and on proper construction of the caveat as a whole, it must be assumed that she had full knowledge of the manner in which the estate was administered, and assented, there being no allegation to the contrary. *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867). Manifestly the allegations as to fraud and irregularity in the administration of her husband's estate would not amount to a charge that any fraud or undue influence was exerted upon her in relation to her own last will and testament. When the caveat is thus stripped of allegations as to matters which do not appear to have had any bearing or influence upon the testatrix in the making of her will, nothing remains except bare conclusions of the pleader as to fraud, scheme, device, and undue influence. In *Field* v. *Brantley,* 139 *Ga.* 437 (3) (77 S. E. 559), it was held: "If undue influence is relied on to impeach a paper propounded as a will, the facts constituting such undue influence must be alleged. A general averment that the propounders and a legatee influenced the testator to make the will presents no issue of undue influence." In the opinion it was said: "The undue influence over a testator's act, which invalidates his testamentary power, must go to the extent whereby the will of another is substituted for the wishes of the testator. . . It is one of the oldest maxims of pleading that every pleader is presumed to state his case as favorably to himself as he can do. It is also one of the fundamental rules of pleading that facts and not legal conclusions must be alleged. If fraud is relied on to vitiate an act, the particular facts constituting the fraud must be stated, and a general charge of fraud may be assailed by general demurrer. . . Undue influence is the handmaiden of fraud, and good pleading requires an averment of the facts relied on to constitute it. This general principle of pleading is applicable to pleadings to contest the probate of wills, and the general rule is to set forth the facts constituting fraud or undue influence in a proceeding to contest a will upon these grounds. . . In the instant case there is not even a distinct allegation that the will was obtained by undue influence,

and the facts alleged do not constitute undue influence." To the same effect see *Baucum* v. *Harper,* 176 *Ga.* 296 (2) (168 S. E. 27) ; *Peavey* v. *Crawford,* 182 *Ga.* 782 (187 S. E. 13). The decisions in *Penniston* v. *Kerrigan,* 159 *Ga.* 345 (125 S. E. 795), *Stephens* v. *Bonner,* 174 *Ga.* 128 (162 S. E. 383), *Trust Company of Georgia* v. *Ivey,* 178 *Ga.* 629 (173 S. E. 648), and *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* supra, considered in the light of the facts dealt with respectively,· do not support the contention of counsel as to sufficiency of the allegations in the present case. It does not appear that any person attempted to impose upon Mrs. Hill during her illness, or at any other time, for the purpose of influencing her in the slightest degree with respect to the disposition which she would make of her property. The court properly sustained the general demurrer and dismissed the caveat.

*Judgment affirmed. All the Justices concur.*