DANIEL *v.* ETHEREDGE *et al.*

No. 14878. July 11, 1944. Rehearing denied July 21, 1944.

*Pierce Brothers, W. K. Miller, Jack D. Evans,* and *Randall Evans Jr.,* for plaintiff.

*F. Frederick Kennedy* and *J. Cecil Davis,* for defendants.

Wyatt, Justice. This is the third appearance before this court of the case now under consideration. See *Daniel* v. *Etheredge,* 191 *Ga.* 793 (13 S. E. 2d, 763), and s. c. 194 *Ga.* 860 (22 S. E. 2d, 807). The first stated decision contains a very concise and complete statement of the pleadings and contentions of the parties; and therefore no further statement of these matters is deemed necessary. With reference to the evidence, suffice it to say, the evidence was sufficient to have authorized a verdict for either the plaintiff or the defendants. The jury returned a verdict in favor of the defendants. The exception is to the overruling of the motion for new trial.

■ There was sufficient evidence to authorize the verdict, and therefore there is no merit in the general grounds.

■ The first special ground complains of the following excerpt from the charge to the jury: "As I understand it, some years, or prior to the death of Mr. Baker, he made deeds to various parties, both his children and grandchildren, some of them or all of them I presume, nephews and others. It is contended by the plaintiff that those who attempted to administer on the estate, Mr. J. Lee Etheredge Jr. and Mr. Paul T. Jones, committed a fraud on the estate and on the plaintiff in that they didn't administer all of the funds or property of the estate, and that the portion that came into their hands wasn't properly administered, and that the administrators who attempted to do that committed a fraud on the plaintiff in this case, and she is asking a judgment for that amount, whatever it might be, if it is any amount. I charge you, gentlemen of the jury, before the plaintiff in this case can recover on any of the given contentions and issues that are made, she must

make out her case by a preponderance of the evidence. . . In other words, if any of these transactions are set aside for fraud, or undue influence, or legal incapacity, it goes to Mrs. J. Lee Etheredge Sr. and her sister, the plaintiff, Mrs. Eloise Baker Daniel, as they are the heirs at law and the nearest of kin here. I charge you, gentlemen of the jury, that a man has the right under the law to do with his property what he wishes to do. If, prior to his death, he transferred, by deed or otherwise, whatever property he had—if he did that, and in law competent in his mind to do it, and without any fraud being perpetrated on him, and without any undue influence perpetrated on him, that would be a good deed and the administrators of his estate wouldn't have anything to do with it because that happened, if it did, before he himself died. So far as the estate is concerned the question is, what did he have left that wasn't transferred or given, as the case may be, when he was fully competent and without fraud or undue influence being perpetrated on him? If he disposed of it under such circumstances before his death, that ends it; there was nothing for the administrators to administer except what he had left when he died which was not disposed of."

The exceptions to this charge are:   (a) That the statement, "As I understand it, some years, or prior to the death of Mr. Baker, he made deeds to various parties, both his children and grandchildren, some of them or all of them I presume, nephews and others," was the expression of an opinion to the effect that the deeds referred to were valid deeds. The judge was here stating his understanding of the contentions of the parties, and the statement was exactly what the plaintiff in error contended. Elsewhere in the charge, the jury was given full instructions as to the circumstances under which the deeds in question would not be valid deeds. (b) That the excerpt tended to confuse the minds of the jury as to the fraud charged in connection with the administration proceeding and the fraud charged in connection with the execution of the deed and other transfers of property attached. We can not agree with this contention. Fraud was charged by the petitioners as to the administration proceedings and in connection with the various deeds and conveyances of property. The charge fairly and fully submitted the issue of fraud as to all of these matters. (c) "Because said charge placed a burden upon plaintiff to prove 'fraud,

undue influence,' and 'legal incapacity' before the administration could be set aside." Considered in connection with the entire charge, the excerpt is not subject to this criticism. (d) "Because the court charged, in immediate connection with the language last quoted, the following: 'I charge you, gentlemen of the jury, that a man has the right under the law to do with his property what he wishes to do. If, prior to his death, he transferred by deed or otherwise, whatever property he had—if he did that, and in law competent in his mind to do it, and without any fraud being perpetrated on him, and without any undue influence perpetrated on him, that would be a good deed, and the administrators of his estate wouldn't have anything to do with it because that happened, if it did, before he himself died;' and such charge further confused the issues in the minds of the jury." This excerpt stated a correct principle of law, and could not have confused the minds of the jury.

When the case was first before this court (191 Ga. 793), the judgment was reversed and one of the grounds of reversal was because the trial judge charged the law of fraud and undue influence conjunctively. The excerpt now complained of is not subject to this criticism. The present charge very clearly submitted these principles of law disjunctively.

■ The second special ground complains of the following excerpt from the charge: "I charge you, gentlemen of the jury, that if any property belonging to the estate of B. H. Baker was purposely withheld from said administration in the interest of said administrators personally, then in that event I charge you that the discharge procured by said administrators from said trust in the court of ordinary of Warren County, Georgia, was void and the judgment discharging said administrators should be set aside." The complaint is that this instruction placed upon the plaintiff a greater burden than the law required, in that she was not required to show that the property was withheld from administration for the personal benefit of the administrators. Paragraph 16 of the petition reads as follows: "That the said administration upon said estate by J. Lee Etheredge Jr. and Paul T. Jones, was a part and parcel of the scheme of said Jones and J. Lee Etheredge Sr., Essie Baker Etheredge, J. Lee Etheredge Jr., and Grace Etheredge to defraud your petitioner out of her said just share of the estate of her father, and his assets were purposely withheld therefrom and in the

interest of said administrators personally." The plaintiff in error can not be heard to complain that the judge submitted her case to the jury in the exact language in which her pleadings had submitted it to the court and jury.

■ The third special ground complains of the following excerpt from the charge: "In this same connection, I charge you, gentlemen, that before said discharge could be set aside as having been obtained by fraud, the plaintiff would have to show you by a preponderance of the evidence that Mr. Baker owned property at the time of his death—owned property other than that which was duly administered; the plaintiff is not hurt and can not complain because the administrators were appointed without being creditors, or not being selected in writing by a majority of the heirs at law, or by securing their appointment by a false statement that they had been selected by a majority of the heirs at law. If you find that all of the property belonging to Mr. B. H. Baker was duly administered by Mr. J. Lee Etheredge Jr. and Mr. Paul T. Jones, and properly accounted for in the returns filed by said administrators, then you should find for the defendants on that issue." "To entitle a complainant in equity to relief on the ground of fraud, there must be damage as well as fraud." *Bigby* v. *Powell,* 25 *Ga.* 244 (71 Am. D. 168). See *Harris* v. *Neil,* 144 *Ga.* 519 (87 S. E. 661). It follows that this excerpt was a correct statement of a principle of law; and there is no merit in the contention that it amounted to an expression of opinion.

■ The fourth special ground complains of the following excerpt from the charge: "The undue influence which will annul a deed or transfer must be of that potency which substitutes somebody else's will power for that of the grantor. In this connection, I charge you that, if you believe from the evidence that at the time Mr. Baker executed the deed, or deeds, or transfers, as the case may be, under attack in the petition, no undue influence was exercised over him so as to destroy his free agency, and that no undue influence was exercised over him which induced him to make the deed, or deeds, or transfers, as the case may be, against his will, then I charge you that the deeds, or transfers, should not be set aside on that ground." The court was thus defining undue influence, and the definition given was in substantially the same language as that approved by this court in *DeNieff* v. *Howell,* 138 *Ga.* 248, 252 (75 S. E. 202), and *Ricketson* v. *Ricketson,* 151 *Ga.*

540, 544 (107 S. E. 522). The plaintiff in error attacks this excerpt for the additional reason that the judge failed to point out how undue influence could be proved. This was fully covered elsewhere in the charge.

■ The fifth special ground complains of the following excerpt from the charge: "In this connection, I charge you that if you do find from the evidence that, at the time of the execution of the deeds or transfers under attack, the free agency of Mr. Baker had been destroyed, and that the defendant, or defendants, exercised such dominion over his will to such extent that he was constrained to execute the deeds or transfers against his will and was unable to refuse to do so, then the deeds or transfers under attack would be set aside, or such deed or transfer, as the case may be." The complaint is, that this instruction placed on the plaintiff a burden greater than was required by law. A charge in almost this identical language was approved by this court in *Ricketson* v. *Ricketson,* supra. See also *DeNieff* v. *Howell,* supra; *Marlin* v. *Hill,* 192 *Ga.* 434 (15 S. E. 2d, 473); and *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 191 *Ga.* 821, 822 (8) (14 S. E. 2d, 64).

■ The sixth special ground complains of the following excerpt from the charge: "I charge you, gentlemen of the jury, that mere weakness of the mind resulting from old age or feebleness of health not amounting to imbecility is not sufficient to warrant a jury in setting aside a deed or transfer, in the absence of fraud or undue influence. Now, gentlemen of the jury, as to mental capacity of Mr. Baker: if one should have mind and reason sufficient to have a decided and rational desire as to what disposition he wishes to make of his property and to clearly understand and appreciate the nature and consequences of his act in making a deed of gift, and he should make such a deed of conveyance of his property, having at the time such decided and rational desire to do so, and mind and reason to clearly understand that the nature of his act was to execute a deed to his property, and that the consequences of his act was to divest him or deprive him of his title and convey it or invest it in another, he would be capable of making a deed of gift under the laws of this State, though he might not have had greater mental capacity than that. It does not require a high degree of mental power to make a binding contract. One who has enough mind and reason

to have a full and clear understanding of the nature and consequences of his act in making a deed is to be considered sane; one who lacks this capacity is to be considered insane. For one who has not strength of mind and reason equal to a clear and full understanding of his act in making a contract is one who is afflicted with an entire loss of understanding; so, if he lacked such mental capacity when he executed such deed, or deeds, or transfers, you should find for the plaintiff in such transaction." The complaint is, that this excerpt tended to impress the jury that the plaintiff was relying altogether on mental incapacity; was an incorrect statement of the law; precluded the jury from a consideration of the disparity of age; and placed upon the plaintiff a heavier burden than the law placed upon her. The excerpt, when considered along with the entire charge, is not subject to any of the criticisms made.

■ The seventh special ground complains of the following excerpt from the charge: "I charge you, gentlemen of the jury, that the plaintiff contends that the defendant exercised undue influence upon Mr. Baker when the deeds and transfers of certificates of deposit were made. Now, as to this, I charge you that fraud and undue influence are not equivalent terms, but undue influence may be a species of fraud, or it may exist without any positive fraud, so I charge you that, should you find from the evidence that there were undue influence exercised over Mr. Baker when he made such deed or deeds, or transfers of the certificates of deposit, or did not have the mental capacity to do so, then the plaintiff would be entitled to a verdict." The complaint is, that this excerpt tended to "mix up fraud with undue influence" and thereby confuse the jury, and placed upon the plaintiff a heavier burden than the law placed upon her. This excerpt, considered along with the entire charge, is not subject to the criticism made.

■ The eighth special ground complains of the following excerpt from the charge: "Fraud and undue influence can rarely be established by direct proof. Accordingly, both may be proved by indirect evidence and by proof of facts from which they may be inferred." The complaint is, that the excerpt tended to confuse fraud with undue influence, and to cause the jury to believe that both would have to be established before the plaintiff could recover. This excerpt states a correct principle of law, and is not subject

to the criticism made. *Arnold* v. *Freeman,* 181 *Ga.* 654 (3) (183 S. E. 811).

■ The plaintiff in error, in her brief, argues special grounds 9, 10, 11, 12, 13, and 14, complaining of certain excerpts from the charge, together, and we shall so deal with them here. The excerpts complained of in these special grounds are as follows: (9) "The presumption is strong against a party preparing a paper and takes a benefit under it, and although it will not be declared void on that account strong evidence of intention in such cases will be required." (10) "I charge you, gentlemen of the jury, that a person standing in a confidential relation to another is not prohibited from exercising any influence whatever to obtain a benefit to himself. The influence must be what the law regards as undue influence; such influence that is obtained by flattery, importunity, superiority of will, mind, or character, which would give dominion over the will to such an extent as to destroy free agency or to constrain one to do against his will what he is unable to refuse. Such is the kind of influence which the law condemns as undue." (11) "I charge you, gentlemen of the jury, that a man has the right under the law to do with his property what he wishes to do." (12) "I charge you, gentlemen of the jury, where by the act or consent of parties, or the act of third person, or of the law, one person is placed in such relation to another that he becomes interested for him, or with him, in any subject or property, he is prohibited from acquiring rights in that subject or that property antagonistic with the person with whose interest he has become associated." (13) "Well, these administrators, they contend, collected and took up all that was left and properly distributed it; then, in that event, the heirs at law would have nothing to do with what a man does with his property, if when he disposed of it he had legal capacity to do it, as I have defined that to you already, and if he had no undue influence imposed on him, and if there was no fraud imposed on him." (14) "If you believe, gentlemen of the jury, that there has been no fraud, and if you further believe that, at the time these transfers and deeds were made by Mr. B. H. Baker, he had the legal capacity to do it, as I have defined to you, and if you further believe and find that there was no undue influence exercised on him, then in that event you would find for the defendants generally and that would end the case."

Various attacks are made upon these excerpts. When considered together with the entire charge, they are not subject to the criticisms made. They were not hurtful to the plaintiff in error, and were applicable to the pleadings and evidence in the case; and certainly, in the absence of timely written requests, no further instructions were required as to the questions of law dealt with.

■ Special grounds 15, 16, 17, and 18 are dealt with together by the plaintiff in error in her brief, and we will deal with them likewise here. Each of these four grounds complains because the court failed to charge the jury, "that, if the evidence showed such confidential relationship between [one of the defendants, naming them separately in each ground], and Baker, then the presumption of law would be that such transactions were not fair; and that the burden of proof would then rest upon [the named defendant] to show they were fair." The evidence simply showed that all of the defendants were related to Baker; that he felt very kindly toward each of them; that at various times and in various ways they had assisted him in business matters; and that at times he had lived in the home with certain of them. The evidence disclosed that the instruments here attacked were in some instances written and prepared by Baker in his own handwriting, and in other instances were typed as dictated by him. In *Carter* v. *Dixon,* 69 *Ga.* 82, 89, this court considered a request to charge, reading as follows: "There are some relations in life where a *presumption* of undue influence arises, such as writer and testator, parent and child, and other fiduciary capacities—particularly when it appears, if it does from the evidence so appear, that the writer was made the executor and his relations received a considerable portion of the estate devised; this presumption must be rebutted by proof, if you believe the evidence establishes these facts." The court had this to say: "Is it a presumption of law that one who writes a will, and is nominated executor, and his family are beneficiaries under it, that by so doing, as the draughtsman, that he exercises an *undue influence* over the testator, and it must be rebutted by proof in order to set up the will? We can not subscribe to such a rule. It certainly is legal for a draughtsman to write the will of a testator and be the nominated executor, and for his family to be beneficiaries under it; and, if this is legal, does the law pronounce such an act *presumptive* evidence of *undue* influence, which must

be rebutted by proof? We think not, and the court was right in refusing this request. Undue influence is an issue that must be established by proof; it must, in order of itself to vitiate a will, go to the extent of substituting the will of the one charged with such conduct in place of the will of the testator; the proof must show undue influence to amount 'to moral coercion.'" In *Marlin* v. *Hill,* supra, this court, in passing upon the sufficiency of the pleadings, said: "While confidential relation might be an important circumstance to support a charge of fraud or undue influence, a person occupying such relation would not be prevented from exercising any influence whatever to obtain a benefit to himself, and the relationship alone would not afford a substitute for allegations of fact touching fraud or undue influence." We do not overlook the rule to the effect where there is a confidential relationship, coupled with the fact that the party reaping the benefit occupies a dominant position and receives a great disparity of the bounty, or has superior mental capacity, etc., a presumption of undue influence does arise. For a full discussion of this rule, see *Trustees of Jesse Williams Hospital* v. *Nisbet,* supra. The plaintiff in this case simply showed the confidential relationship without additional necessary facts. Therefore the rule insisted upon was not applicable to the instant case.

Special grounds 19, 20, and 21 complain because the judge failed to properly charge the law of fraud, undue influence, and disparity of age, respectively. None of these grounds attempt to set out what the judge should have charged, and therefore present no question for this court to decide.

Special ground 22 reads as follows: "Because movant contends it was the duty of the court to declare to the jury what the law was, with its exceptions and qualifications, and then to state hypothetically, that if certain facts were proven to the jury's satisfaction, then they would be authorized to find a verdict in favor of the defendants; and such failure on the part of the court was harmful error against movant." This assignment of error raises no question for determination by this court.

Special ground 23 complains because of the admission in evidence of a letter written by Mrs. Mittie Baker, mother of the plaintiff, in which she gave directions as to the disposition of her property after her death. The record discloses that the plaintiff

expressly abandoned that portion of her claim against the defendants in which any recovery was sought in so far as the estate of Mrs. Mittie Baker was concerned. Therefore this ground is without merit.

■ Special ground 24 contends that the court's action in propounding questions to a certain witness was done in such manner as to be prejudicial, and amounted to an intimation or expression of an opinion. Upon examination of this ground, it does not appear that counsel for the plaintiff made any objection to the questions at the time they were propounded, or that any motion was made for a mistrial, or to rule out the evidence elicited as a result of the examination. Therefore the complaint in this ground is defective, and can not be considered. See *Brown* v. *Caylor*, 144 *Ga.* 302 (3) (87 S. E. 295, Ann. Cas. 1916D, 745); *Moore* v. *McAfee*, 151 *Ga.* 270 (11) (106 S. E. 274); *Kay* v. *Benson*, 152 *Ga.* 185 (108 S. E. 779); *Adams* v. *State*, 171 *Ga.* 90 (8) (154 S. E. 700); *Herndon* v. *State*, 178 *Ga.* 832 (6) (174 S. E. 597); *Trussell* v. *State*, 181 *Ga.* 424, 426 (182 S. E. 514); *Armstrong* v. *State*, 181 *Ga.* 538 (2) (183 S. E. 67); *Morris* v. *State*, 185 *Ga.* 67 (194 S. E. 214); *Clifton* v. *State*, 187 *Ga.* 502 (4) (2 S. E. 2d, 102); and *Pulliam* v. *State*, 196 *Ga.* 782 (6, 7) (28 S. E. 2d, 139).

■ Special ground 25 complains because the court declined to rule out of evidence a deed from the plaintiff to E. B. Anderson, dated January 13, 1941, covering 870 acres of land in Warren County, "and more particularly described according to a plat attached to and recorded with the deed by which the said property was conveyed to party of the first part, Mrs. Eloise Daniel, by deed of Paul T. Jones, dated December 3, 1937, and recorded in the office of the clerk of the superior court of Warren County, Georgia, in book XX, pages 555 and 556." This particular land was a part of the property deeded by B. H. Baker to the defendant, Paul T. Jones, in one of the conveyances sought to be set aside by this proceeding. Under these circumstances, there was no error in refusing to exclude the deed from evidence.

From what has been said above it follows that the verdict was authorized by the evidence, and no error appears in the special assignments. Therefore it was not error to overrule the motion for new trial. *Judgment affirmed. All the Justices concur.*