31627. SPINKS *v.* JENKINS.

DECIDED JULY 15, 1947.

Marvin G. Russell, for plaintiff in error.
Dunaway, Riley & Howard, Yantis C. Mitchell, contra.

PARKER, J. A suit for damages for breach of contract was filed by Lavada Jenkins against Missouri Spinks and others. The court directed a verdict for all of the defendants except Missouri Spinks, and submitted to the jury the sole question as to damages claimed by the plaintiff against her. The trial resulted in a verdict for $500 in favor of the plaintiff. The defendant made a motion for new trial on the general grounds and on one special ground. The overruling of her motion for new trial is assigned as error.

The plaintiff alleged in substance: that Missouri Spinks was about 85 years of age, that she was living alone in a house owned by her and was in need of daily care and attention; that on or about October 9, 1945, the parties entered into an agreement under which the plaintiff would occupy three rooms in the defendant's home, paying the defendant $15 per month, and would board and clothe the defendant and otherwise care for her, for which services and assistance the defendant at her death would leave by will all her property, including the house in which they resided, to the plaintiff; that the plaintiff gave her full time to the per-

formance of the agreement, giving up a job which she had held in a beauty parlor, and entered upon and continued the performance of all of the duties required of her under the contract, including the payment of the $15 each month; that pursuant to the agreement between the parties, the defendant executed a will on November 9, 1945, under which all her property was left to the plaintiff; that the relationship assumed by the parties under the contract continued until about February 27, 1946, when the defendant left the home and went to live with a granddaughter, and shortly thereafter sold the home to another person, thus bringing about a breach of the contract and making it impossible for the plaintiff to continue the performance of her duties thereunder.

The defendant admitted the making of the contract substantially as alleged by the plaintiff, but claimed that it was made upon the repeated solicitations of the plaintiff, and admitted that at the instance of the plaintiff she executed the purported will, which had been drawn by an attorney furnished and supplied at the instance of the plaintiff. The defendant also alleged that, shortly after the making of the will, the plaintiff began to neglect her, and failed and refused to render any personal services to the defendant although she was sick and greatly in need of attention; that the plaintiff failed and refused to cook or prepare meals for the defendant when she was sick in bed, and failed and refused to clean the house or rooms, as she had agreed to do, and failed and refused to pay the rent, and thus brought about a breach of the contract on her part. The defendant denied that she was indebted to the plaintiff in any sum whatever, for damages for a breach of the contract or otherwise.

■ The special ground of the motion for new trial is as follows: "Plaintiff in error contends that the court erred in its failure to charge the jury the law of fraud, and says that the court should have charged the law of fraud because it was pertinent and relevant to the issues involved in said case, and the court nowhere in its charge stated to the jury one of the main defenses interposed by the defendant's plea and answer in said case."

This ground of the motion then quotes in full six sections of the Code dealing with the subject of fraud; and quotes several paragraphs from the charge of the court relating to the contentions of the defendant, and several paragraphs from the defend-

ant's answer, and a number of paragraphs taken from the testimony of the defendant, and alleges that the failure of the court to charge the jury as contended was injurious and harmful to the defendant; that the charge of fraud which the defendant contends should have been given by the court was applicable, relevant, pertinent, and material to the defenses of the defendant, and was sustained and supported by the evidence; and that the failure to charge the same to the jury deprived the defendant of the law defining one of the substantial issues, if not the main one, in said case.

It will be readily observed that the defendant did not allege or set out with specific definiteness what the judge should have charged, so as to make a good assignment of error. The allegation that the court erred in failing to charge the jury "the law of fraud" was too general and too indefinite to present any question for decision by this court, and the several quotations from the Code, from the charge, and from the pleadings and evidence did not remove or cure the defect. See *Spence* v. *Morrow,* 128 *Ga.* 722 (58 S. E. 356); *Daniel* v. *Etheridge,* 198 *Ga.* 191 (12) (31 S. E. 2d, 181); *Allen* v. *State,* 8 *Ga. App.* 284 (2) (68 S. E. 1009); *Goen* v. *State,* 24 *Ga. App.* 370 (100 S. E. 769); *Hudson* v. *State,* 26 *Ga. App.* 596 (4) (107 S. E. 94); *Clark* v. *State,* 30 *Ga. App.* 633 (5) (118 S. E. 596). It has been held many times that a ground of a motion for new trial alleging error because the court failed to charge on "the law of manslaughter," or on "the law of voluntary manslaughter," or on "the law of involuntary manslaughter," is too vague and indefinite to present any question for decision by the appellate court. *Smith* v. *State,* 125 *Ga.* 300 (54 S. E. 124); *Johnson* v. *State,* 146 *Ga.* 190 (91 S. E. 42); *Drane* v. *State,* 147 *Ga.* 212 (93 S. E. 217); *Knight* v. *State,* 148 *Ga.* 40 (95 S. E. 679); *Harris* v. *State,* 184 *Ga.* 165 (190 S. E. 554); *Holland* v. *State,* 191 *Ga.* 608 (13 S. E. 2d, 347), and citations. Under these authorities, we are compelled to hold that the assignment of error in this special ground is entirely too indefinite and too general to present any question for the consideration of this court.

Furthermore, it may be said that neither the pleadings nor the evidence required a charge on the general subject of fraud, or on any particular kind or class of fraud; and as neither the plead-

ings nor the evidence, in our opinion, presented a case of fraud that required a charge on that subject, even if such a charge would have been authorized on appropriate request, we cannot say that it was demanded as a matter or law in the absence of such request.

■ The evidence supported the verdict, no error of law appears, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*