1. The record in this case shows that exceptions pendent lite to the overruling of the general demurrer were not filed within the time provided by law (Ga. L. 1946, p. 738, Code, Ann. Supp., § 6-905), *Page 266 
and no question within the jurisdiction of this court is presented as to the sufficiency of the petition to state a cause of action.
2. An exception to the refusal of the court to grant a nonsuit will not be considered where the case is subsequently submitted to a jury, a verdict is returned for the plaintiff, and a motion for new trial is made which complains that the verdict is contrary to the evidence and without evidence to support it.
3. It is never error to refuse to direct a verdict. Western Atlantic Railroad v. Michael, 178 Ga. 1 (172 S.E. 66).
4. The seventh paragraph of the amended motion for new trial is as follows: "The court failed and refused to charge the law relating to specific performance of the contract, as prayed in her amended plea, answer, and cross-bill." This ground is too incomplete to present any question to this court, since it is not shown what principles of law in regard to specific performance of a contract it is claimed should haye been charged, and it is not shown that there was any evidence authorizing a charge on specific performance.
5. The evidence for the plaintiff was sufficient to support the verdict, and it was not error to overrule the general grounds of the motion for new trial.
Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.
 No. 16293. SEPTEMBER 14, 1948.
Robert B. Flanagan filed a petition against Mrs. Laura G. Pepper, alleging: On January 30, 1947, he entered into a contract with Mrs. Pepper, whereby he was to purchase a described house and lot, for $4300, $800 to be paid in cash, and the balance to be paid by placing a "GI loan." After the house was practically completed, he made application for the loan of $3500, but was, and is at this time, unable to obtain a loan sufficient to satisfy Mrs. Pepper. It was known by Mrs. Pepper, and agreed to by her, that he could purchase the house only by placing the loan specified in the contract. The house was in the process of being built at the time the contract was signed. In order to get the house built, he advanced to Mrs. Pepper $514 in cash to buy material to be used in building the house and to pay for labor. He and his wife practically built the house. They put in 660 hours of labor in building it, the labor being reasonably worth one dollar per hour. Mrs. Pepper is insolvent, and he would be unable to realize anything on his judgment, other than what could be realized from the house, which she is threatening to sell or trade. The prayers were: for a judgment against Mrs. *Page 267 
Pepper in the sum of $1174; that she be temporarily and permanently restrained and enjoined from selling, trading, or disposing of the house and lot; and for process. The copy of the contract attached to the petition had the following stipulation: "The purchase-price of said property shall be $4300, to be paid as follows: eight hundred cash, balance to be paid by placing GI loan."
A temporary restraining order was granted by the court against Mrs. Pepper. Mrs. Pepper filed her general demurrer to the petition, and an answer in which she denied the material averments of the petition as alleged. The court overruled her general demurrer on June 10, 1947, and she filed her exceptions pendente lite assigning error on this ruling on July 10, 1947.
On August 19, 1947, Mrs. Pepper filed an amendment to her answer in the nature of a cross-action, in which she alleged: In the plaintiff's petition he attaches a copy of the contract which forms the basis of his petition, which contract provided that he would pay $3500, by the placing of a "GI loan," and he admits in his petition that he has breached his contract, has not paid the $3500, or tendered it. He contends that he is in actual possession of the property, and has been for about a year, without payment of rent. She tenders him a good and perfect title. She made no agreement with him to aid him in making any loan. Her prayers were for process; a rule nisi; "that she have judgment for $3500 and interest at once on his contract since date of contract, a special lien on said property, and that a judgment be properly framed as will in equity protect her interest."
On the trial of the case, Flanagan presented evidence of work that he and his wife had done on the house, and sums of money that he had spent on material and labor used in the construction of the house. Mrs. Pepper's evidence tended to show that the work done by Flanagan was inefficient, and that a part of the concrete blocks which he had laid had to be removed by the laborer hired by her to finish laying the blocks. Part of her evidence in regard to material that she had bought for the house was contradictory to that of Flanagan. She introduced several witnesses who testified that they had worked for her on the house. In her own testimony she stated that she could now sell the house for $4500. No evidence was introduced as to the rental value of the house. The jury returned a verdict for Flanagan in the *Page 268 
amount of $500. Mrs. Pepper filed a motion for new trial on the general grounds, which was later amended.
The assignments of error in the bill of exceptions were to the overruling of the general demurrer, the motion for nonsuit, the motion for a directed verdict, and the motion for new trial as amended.