33423. MORGAN *v.* REEVES *et al.*

42

DECIDED MAY 25, 1951.

*Mitchell & Mitchell,* for plaintiff in error.

*J. Walter LeCraw, John H. Hudson,* contra.

WORRILL, J. Mrs. W. R. Mearns, R. G. Hodgkin and C. F. Reeves sued John Fomby and Rice M. Morgan for $2500 damages alleged to have resulted when the defendants cut certain pine timber on their property, said cutting alleged to have been wilfully and knowingly done without authority. The jury returned a verdict for the plaintiffs for $1500, and judgment was entered thereon. The defendant, Morgan made a motion for a new trial on the general grounds, which was amended by the addition of eight special grounds. The trial court overruled the motion and the exception here is to that order.

█ The first special ground of the amended motion for a new trial complains that the plaintiffs were not entitled to recover because their evidence did not make out a title to the land on which the trees were located either by a straight chain of title from the State, or by seven years' possession under color of title, or by 20 years' actual possession adverse in character, under claim of right. The second special ground complains that the verdict is without evidence to support it because the plaintiffs' claim was to all lands east of a certain line surveyed by Joe W. Steed and shown on exhibit number 3 for the plaintiff as a line running north 2 degrees west, which description is impossible of application to any particular line between two other points

which are not themselves fixed. The third special ground asserts that the boundary between the plaintiffs' land and defendants' land was not proved, and that no evidence was introduced to show the original land lot line, a change of an unascertained or disputed boundary line, or a plat showing the new boundary line.

It may be said at the outset that notwithstanding the contention of the plaintiff in error as made by the first special ground of the motion, the sole question presented to the jury, as evidenced by the record in this court was *where on the actual surface of the earth was the dividing line between the plaintiffs' property and that of the defendants.* All parties seem to concede that the disputed portion of the dividing line was the land-lot line between lot 71 on the east, whereon lay plaintiffs' land, and land lot 90 on the west whereon lay defendants' land. So, it would seem that the question raised by the first special ground of the motion is really a factitious one. From the argument of counsel for the plaintiff in error we gather that the basis of this contention is that the description in the deed taken with the parol evidence adduced in the case was not sufficient to make out a prima facie case for the plaintiffs in that the description contained in the deed was not sufficient to permit parol evidence to show where the boundaries of plaintiffs' land lay, or to show that such boundaries actually extended to the land lot line on the west of plaintiffs' land. The description contained in the deed under which the plaintiffs had held since June 29, 1927 was as follows: "All that tract or parcel of land, situate, lying and being in the Eighth District of originally Coweta, now Campbell County, said State, containing one hundred eighty two (182) acres, more or less, the same being parts of lots of land number 71 and 72; being 145 acres, more or less, out of said lot number 71, and 37 acres, more or less, out of lot number 72, said farm being known as the home place of the late J. F. Reeves, except about eight acres in the south east corner of said lot number 72, the tract herein conveyed being bounded as follows: On the north by the lands of J. C. Smith and the W. J. Shannon place, on the east and south by lands of J. A. Reeves, and on the west by lands of E. W. Reeves." In the light of the rulings made in *McAfee* v. *Newberry*, 144 *Ga.* 473

44

(1) (87 S. E. 392); *Moore* v. *McAfee,* 151 *Ga.* 270(5) (106 S. E. 274); *Nasworthy* v. *James,* 152 *Ga.* 368(1) (110 S. E. 7); *Crider* v. *Woodward,* 162 *Ga.* 743(2), 751 (135 S. E. 95); *Dorsey* v. *Dorsey,* 189 *Ga.* 662(2), 668 (7 S. E. 2d, 273); *Knighton* v. *Hasty,* 200 *Ga.* 507(1) (37 S. E. 2d, 382), and *Shiver* v. *Young,* 38 *Ga. App.* 409(1) (144 S. E. 129)—such description was sufficient to furnish a key which would admit parol evidence to show the location of the true boundaries of the tract.

The plaintiff, C. F. Reeves, the only one of the three plaintiffs who testified in the case stated that "In the year 1947 I knew the boundaries of the property described in that deed; I have known of that property all of my life. . . I just know my own boundary line. I had a survey and a blueprint made of that property; J. W. Steed did that for me . ."; that he had visited the tract three or four times a year ever since he had owned it, that "I have gone to the corners of these various lots of land many times and am familiar with the markings and indications of lots 71 and 72; I know where the original land line lots are. '. ." This testimony was admitted without objection, so far as the record discloses. Thereafter, Steed, the surveyor, testified that he had made the survey of the plaintiffs' property in 1935 and that the survey was correct. A plat of that survey was introduced in evidence on behalf of the plaintiffs, and it showed that the property line on the west between the plaintiffs' property and the defendants' was the old original land-lot line between land lots 71 and 90. The plaintiffs' evidence was ample to show that the property extended to this line, that the defendants cut timber off a triangular strip running 2400 feet along the land-lot line between lots numbers 71 and 90 on the west side, 56.6 feet on the south and running to a point at the intersection of land lots numbers 70, 71, 90 and 91 on the north, and that this strip was a part of the plaintiffs' property.

The objection to the description of the line between the plaintiffs' land and the defendants' land raised by the second special ground of the amended motion is without merit because the plat in question not only identified the line in question by showing it to be a line running "north 2 degrees west," but also showed it to be an original land-lot line between land lots 71 and

90. There was also ample oral testimony that that was the line intended. Such a description was ample to enable any competent surveyor to ascertain the exact location of such line on the surface of the earth, and it was for the jury to say whether the line laid out and marked by the plaintiffs' witness, Steed, or the line laid out and marked by the defendants' witness, Bush, was the true original land-lot line. The trial court did not err in overruling the motion for new trial on the original general grounds and on the first three special grounds which are but elaborations of the general grounds.

■ The fourth ground of the amendment to the motion for a new trial is as follows: "(4.) Because nowhere in his charge did the court instruct the jury as to what the plaintiff must show in order to prove title in himself." The fifth special ground states: "(5.) Because nowhere in his charge did the court instruct the jury as to the law governing boundary lines, either unascertained and disputed, or ascertained and undisputed, nor as to what plaintiff should show in order to prove where the boundary line lay." This court and the Supreme Court have repeatedly held that a ground of a motion for new trial, in order to be considered, must be complete within itself and that a ground of a motion which complains of the refusal of the court to charge a stated proposition of law must set forth in the ground with reasonable certainty the proposition of law which it is contended the court should have charged. A ground of a motion for a new trial which does not set forth such proposition which it is contended the court should have charged with such certainty as will enable this court to ascertain whether the ground is meritorious or not, is too general, vague and indefinite to be considered. *Higgins* v. *Cherokee Railroad*, 73 *Ga.* 149 (1), 159; *Spence* v. *Morrow*, 128 *Ga.* 722 (1) (58 S. E. 356); *Daniel* v. *Etheredge*, 198 *Ga.* 191 (12), 200 (31 S. E. 2d, 181); *Ehrlich* v. *Mills*, 203 *Ga.* 600 (3) (48 S. E. 2d, 107); *Pepper* v. *Flanagan*, 204 *Ga.* 265 (4) (49 S. E. 2d, 525); *Spinks* v. *Jenkins*, 75 *Ga. App.* 414 (2) (43 S. E. 2d, 586); *Atlas Auto Finance Co.* v. *Atkins*, 79 *Ga. App.* 91 (3), 98 (53 S. E. 2d, 171). These grounds of the motion for a new trial will not, therefore, be considered.

■ The sixth and seventh special grounds of the motion are

as follows: "(6.) Because the court did not instruct the jury that the burden of proof as to title to the land, alleged to have been trespassed on, was on the plaintiff. (7.) Because the court did not instruct the jury that the burden of proof as to the existence and location of the boundary line, over which defendant was alleged to have trespassed, was on the plaintiff." Assuming that these grounds of the motion are complete, and in such condition that this court may consider them on their merits, they are nevertheless without merit. The court charged the jury that the burden of proof was on the plaintiffs to prove the material allegations of their petition by a legal preponderance of the evidence. In the absence of a timely written request for further and more explicit instructions on the burden of proof, the trial court did not err in failing to instruct the jury as complained of in these grounds of the motion.

The·eighth special ground of the motion alleges error because the court permitted the plaintiff to testify over objection that such testimony was a conclusion "That property has been mine—ours, since 1927. I have owned it since 1927. We purchased it from Mr. Walker Camp and Miss Emma Potts." The plaintiffs' evidence otherwise showed a paper title in themselves and some acts of dominion over the land for a period of twenty years. The defendants' evidence in no way controverted this, and as a matter of fact, as pointed out in the first division of the opinion, no real issue was raised by the evidence as to title to the property involved. The real question was where the dividing line between the plaintiffs' and defendants' property lay, and under the circumstances of this case, the trial court did not err in permitting the plaintiff Reeves to testify, over objection, that he owned the property.

The evidence authorized the verdict, no error of law appears, and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*