37559. GENERAL OGLETHORPE HOTEL COMPANY *v.* LANIER.

DECIDED APRIL 7, 1959.

*Bouhan, Lawrence, Williams, Levy & McAlpin,* for plaintiff in error.

*Alton D. Kitchings,* contra.

QUILLIAN, Judge. 1. The only general ground relied on in this court by the defendant is that the verdict was not supported by evidence. The evidence, though in conflict, supported the verdict found by the jury, and would have authorized the recovery of even a larger amount.

2. The fourth ground of the motion for new trial complains that the trial judge erred in denying a motion of defendant's counsel to declare a mistrial, and in the event a mistrial was not declared, to exclude the testimony of certain witnesses. The motion was phrased: "Let the record show that I am now making a formal objection to the court that on information which has been disclosed to the court on inquiry from counsel for the defendant by Mr. Kitchings that he did go out during a recess and talk to the two witnesses subpoenaed by him and who were put under the rule of sequestration by his request, as were all the witnesses. He talked to them involving a material point in the trial and that is the number of yards of fill dirt that a particular truck will carry of Mr. Lanier's on the job, and on that basis we have moved for a mistrial on the grounds that we feel that it involved a material point and it has been highly prejudicial to the defendants, and secondly, we make another

motion that if a mistrial is not declared that the witnesses not be permitted to take the stand."

The motion was predicated upon the assumption that the conduct of plaintiff's counsel amounted to a violation of Code § 38-1703 which prescribes the rule for the sequestration of witnesses.

The purpose of the Code section is to prevent witnesses' hearing the evidence given by each other, so that their testimony will not, through conscious design, or unwitting acceptance of suggestion, fall into a pattern of conformity, and to assure the result that the testimony of each witness is his own version of the facts within his knowledge.

A careful examination of the motion for mistrial and the ground of the motion for new trial discloses no allegation that plaintiff's counsel interviewed either of the witnesses mentioned in the motion in the presence of the other or informed either of them of what the other, or any other witness, had testified or was expected to testify.

The ground does not show error.

3. Ground 5 complains that the trial judge erred in failing to charge the jury on the law of "accord and satisfaction" but does not disclose what instructions on the subject should have been given. The ground is too indefinite to show error. *Morgan v. Reeves*, 84 *Ga. App.* 41 (65 S. E. 2d 453), and cit.

4. Ground 6 complains that the verdict is incorrect because it is in excess of the amount the plaintiff claimed was due him. The ground is without merit. The record reveals that the plaintiff recovered less than the amount sued for and no more than the evidence adduced upon the trial authorized. It is true that the plaintiff admitted that he submitted a bill to the defendant for a smaller amount than that for which recovery was prayed and even less than that found by the jury. The plaintiff explained with all necessary clarity that the amount of the bill referred to was only a part of the account owed him by the defendant.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*