38268.   CREWS *et al.* v. FLANDERS, Administratrix.

DECIDED JUNE 2, 1960—REHEARING DENIED JUNE 29, 1960.

J. *Laddie Boatright, R. E. Lawson,* for plaintiffs in error.

T. J. *Townsend, Memory, Barnes & Memory, S. F. Memory, Jr.,* contra.

GARDNER, Presiding Judge. The jury returned a verdict in favor of the administratrix. The case is before this court on the general grounds, five special grounds, and a motion for a judgment notwithstanding the verdict.

■ As to the general grounds we have set out the evidence hereinabove and it is our opinion that it is entirely sufficient to sustain the verdict.

■ Special ground 1 assigns error because the court, on its own motion, excused Harvey Turner, one of the petit jurors called to serve in the panel of twenty-four jurors. The court based the ruling on the question by the court: "Mr. Turner, did you hear the parties whose names I have previously called?" Answer by Mr. Turner: "I just don't know whether or not I am related by blood or marriage as close as third cousin to any of them." The court then and there, on its own motion, ruled: "I am going to excuse him myself so we won't get in any trouble." The defendants immediately objected to the juror being summarily dismissed by the court on its own motion, contending that the juror was not disqualified since there was no sworn testimony of his incompetence. After this objection, the court made this additional statement: "All right, put this note in the record from the court: That the person whose name was called, to wit: Mr. Turner, stated that as far as he knows he is not disqualified, but Mrs. Flanders, a party to the case, made the statement to this court as to relationship, and if this party's statement is correct would probably disqualify this juror. Therefore the court dismisses this juror on its own motion." Counsel for the defendants then pointed out that the party's statement as to the juror's qualification or possibility of disqualification was not shown under oath. Counsel for the defendant cited in support of their contention *Mayor &c. of Cartersville v. Lyon,* 69 Ga. 577. In that case three jurors were stricken from the panel on the ground that they were citizens

of Cartersville and were not competent jurors, since that city was the defendant. The Supreme Court said that the court erred in striking these jurors because such action altered the law as it stood when the case of *Mayor &c. of Columbus v. Goetchius*, 7 Ga. 139, was decided. In that case objection was made to certain jurors serving because they were citizens of the City of Columbus. The court ruled that being a citizen of the defendant city was not a disqualification. In *Benford v. State*, 18 Ga. App. 14 (88 S. E. 747), cited by counsel for the administratrix, the Court of Appeals held that as a general rule the trial judge may excuse jurors for any reason addressed to his sound discretion, but that he cannot excuse a member of a regularly drawn and summoned jury unless he has some legal excuse. There the court ruled that since no reason was given as to why the judge excused the jurors that it must be presumed that he had a valid reason for excusing them and that, therefore, it was not an abuse of the discretion on the part of the trial court to excuse such jurors. In the instant case a reason was given but the witness stated that he did not know whether or not he was related to the defendants in the prohibitory degree of relationship. It is our opinion that the court did not abuse his discretion. In *Fulton County v. Amorous*, 89 Ga. 614 (2) (16 S. E. 201), the Supreme Court held: "That some of the jurors drawn but not impaneled were excused by the court for causes not expressly provided for by statute, is not ground for challenge to the array." This special ground is not meritorious.

Special ground 2 assigns error because it is alleged that the court erred in allowing an amendment to the original affidavit in the following words: "That said tenant fails to pay the rent now due on said house and premises." Counsel for the defendants contend that this amendment should not have been allowed because it merely changes the cause of action or defense and by allowing the amendment the court erred in that the opposite party should have had a reasonable time for answering such amendment. This special ground is not meritorious on this basis because, as stated in *Kelly v. Strouse & Bros.*, 116 Ga. 872, 874 (6) (43 S. E. 280), "It is not the office of a motion for a new trial to call in question the legal sufficiency of the

pleadings of the plaintiff. The case of *Francis v. Wood*, 75 Ga. 648, distinguished." See also *Nixon v. Nixon*, 194 Ga. 301, 302 (21 S. E. 2d 702). This special ground, as well as special ground 3 also contends that the description of the property involved was not sufficient in the dispossessory proceedings to enable the sheriff to identify the property and was therefore not a sufficient description for obtaining a warrant to dispossess a tenant.

Special ground 3 contends that the court erred in overruling the oral motion in the nature of a general demurrer to strike the dispossessory proceeding as being void for want of sufficient description of the premises. Under the authority stated in the beginning of this discussion of special ground 2, the sufficiency of the pleadings in relation to the description of the property cannot be tested in a motion for a new trial. It follows that special grounds 2 and 3 are not meritorious.

Special ground 4 assigns error because it is alleged that the court erred in failing to instruct the jury clearly and fully as to all material issues in the case and the principles of law applicable thereto. It is contended that the questions of landlord and tenant, tenancy at will, and tenancy at sufferance should have been charged. Error is assigned on the failure of the trial court to charge certain principles of law, but the special ground does not set out what the court should have charged, hence the assignments of error in this special ground are too general and indefinite for determination by this court. See *Daniel v. Etheredge*, 198 Ga. 191 (12) (31 S. E. 2d 181); *Spinks v. Jenkins*, 75 Ga. App. 414 (43 S. E. 2d 586); *Allen v. Barrow*, 93 Ga. App. 894 (1) (93 S. E. 2d 177).

Special ground 5 assigns error because of the failure of the court to allow counsel for the defendants to present newly discovered evidence. The motion to present this evidence was made before the charge of the court. This record does not show that the defendants complied with the provisions of Code § 70-205. That section provides that in a motion where a court is asked to consider newly discovered evidence, if witnesses are involved, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced. See

*Ivey v. State*, 154 Ga. 63 (6) (113 S. E. 175); *Nichols v. Kilpatrick*, 157 Ga. 884, 885 (3) (122 S. E. 611); *Anderson v. State*, 190 Ga. 455 (5) (9 S. E. 2d 642); *Laney v. Barr*, 61 Ga. App. 145, 148 (11) (6 S. E. 2d 99). This special ground is not meritorious.

■ We now come to consider the matter of the motion for a judgment notwithstanding the verdict. We have gone into the evidence in some detail hereinabove, and it is our considered opinion that the trial court did not abuse its discretion in refusing to direct a verdict in favor of the defendants. Failure to grant a motion for a judgment notwithstanding the verdict is reversible error only where the evidence shows conclusively that the jury arrived at an obviously incorrect verdict.

The court did not err in overruling the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Carlisle and Frankum, JJ., concur. Townsend, J., concurs in the judgment.*