## 30584. JACKSON v. THE STATE.

NICHOLS, Chief Justice.

Melvin Jackson was indicted, tried and convicted and received a 15-year sentence for the offense of armed robbery. Thereafter, his motion for new trial, based on the usual general grounds only, was overruled and the present appeal filed. He enumerates as error the overruling of his motion for new trial, permitting a witness to testify whose name was not on a list of witnesses furnished by the state, and permitting a police officer to be recalled for further testimony after the district attorney discussed the case with the witness "after the witness had been sequestered."

1. The second enumeration of error complains that the trial court erred in permitting a witness for the state to testify when such witness's name did not appear on a list of witnesses furnished to the defendant. The record in this

case does not show that any demand for a list of witnesses was filed prior to arraignment as provided by Code Ann. § 27-1403 (Ga. L. 1966, pp. 430, 431). Under such circumstances the trial court did not err in permitting this witness to testify over objection. Compare *Green v. State,* 223 Ga. 611, 612 (157 SE2d 257) (1967); *Prather v. State,* 223 Ga. 721 (1) (157 SE2d 734) (1967); and *Jones v. State,* 224 Ga. 283, 285 (161 SE2d 302) (1968). This enumeration of error is without merit.

2. The third enumeration of error complains that the trial court erred in permitting the state to recall a witness for impeachment purposes inasmuch as he had been seen talking with the district attorney just prior to being recalled. When the objection was made to the recall of this witness, the witness was questioned by the court as to the conversation. The witness, a police officer, testified that the conversation concerned whether he could be excused inasmuch as he was required to be in another court to testify in another robbery case, that he had not been informed by the district attorney or anyone else as to what other witnesses had testified nor was he advised of what he was expected to testify. In *Bennett v. State,* 107 Ga. App. 284 (3) (129 SE2d 820) (1963), it was held: "No harmful error is shown in a case where, after the witnesses have been sequestered, the solicitor general interviews a witness before placing him on the stand in the absence of an allegation that such witness was informed of what other witnesses had testified or what he was expected to testify. *General Oglethorpe Hotel Co. v. Lanier,* 99 Ga. App. 401 (108 SE2d 769)." Where, as in the present case, there was no contention made that the witness was informed of what other witnesses have testified or what he was expected to testify and the record demands a finding that no such information was given the witness, it was not error to permit such witness to be recalled and testify for impeachment purposes over the defendant's objection. This enumeration of error is without merit.

3. The evidence authorized the verdict and the trial court did not err in overruling the motion for new trial based on the usual general grounds as contended in support of the first enumeration of error.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED DECEMBER 9, 1975 — DECIDED JANUARY 8, 1976.

*Wingate & Bartlett, Fred E. Bartlett, Jr.,* for appellant. *William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.