## ALFORD v. THE STATE.

HILL, J. 1. Where the court, in the general charge, had instructed the jury on the principle involved, it was not error to omit to give the following, in the absence of a timely written request: "That in passing on the question of reasonable fear they should take into consideration any words, threats, menaces, or contemptuous gestures made by the deceased to the father of the defendant, J. A. Alford, and in the presence of the defendant and heard by him, in deciding whether or not the son, acting under the fears of a reasonable man, believed that the deceased was about, by violence or surprise, attempting to take the life of his father, J. A. Alford, or to commit a felony on the person of his father, J. A. Alford; and if the jury decided that the defendant was acting under such fears and not in the spirit of revenge, that he, the defendant, would not be guilty of any crime, but should be acquitted under the same doctrine that his father, J. A. Alford, would have been acquitted if he, in committing the homicide, had acted under the fears of a reasonable man, thus brought about by the conduct of the deceased." *Coleman* v. *State*, 149 *Ga.* 186 (99 S. E. 627) ; *Deal* v. *State*, 145 *Ga.* 33 (88 S. E. 573).

2. The evidence authorized the verdict, and the judge did not err in refusing a motion for new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*
No. 1447. NOVEMBER 15, 1919.

Indictment for murder. Before Judge Graham. Treutlen superior court. April 14, 1919.

*A. C. Saffold* and *F. H. Saffold,* for plaintiff in error.

*Clifford Walker, attorney-general, W. A. Wooten, solicitor-general,* and *M. C. Bennet,* contra.

---

## GUNTER et al. v. EDMONDS.

GILBERT, J. Equity will not reform a written contract because of mistake on the part of the complaining parties as to the contents of the writing, and because of fraud alleged to have been practiced by the other party in procuring the scrivener who drafted the written contract, and in whom the complaining parties had entire confidence, to omit therefrom a stipulation alleged to have been agreed upon, no fiduciary or confidential relation existing between the parties, and no sufficient excuse appearing why the complaining parties did not read the contract. *Weaver* v. *Roberson*, 134 *Ga.* 149 (67 S. E. 662).

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*
No. 1463. NOVEMBER 15, 1919.

Equitable petition. Before Judge Walker. Wilkes superior court May 10, 1919.

*C. H. Calhoun, G. M. DuBose,* and *W. A. Slaton,* for plaintiffs.

*R. C. Norman,* for defendant.