### BENTLEY *v.* BARLOW *et al.*

ATKINSON, J.  1. "In an action on the case for conspiracy, the conspiracy is not the gravamen of the charge, but may be both pleaded and proved as aggravating the wrong of which the plaintiff complains, and enabling him to recover in one action against all as joint tort-feasors." *National Bank of Savannah* v. *Evans,* 149 *Ga.* 67 (99 S. E. 123). If a husband and wife own or control several private corporations dealing in real estate, all may be joined in one action instituted by a customer for recovery of damages, and for injunction to prevent alienation of a signed promissory note and duplicate contract of purchase and sale of real estate, alleged to have been improperly taken from possession of the customer before actual delivery, where it is alleged in general terms that the act complained of was done by certain of the persons in pursuance of a conspiracy between all to commit the fraudulent acts relied on as ground for the relief sought.

2. As a general rule equity will not afford relief against a written contract because of mistake of the complaining parties as to the contents of the writing and because of alleged fraud by inserting terms therein at variance with the preliminary agreement between the parties, where no sufficient excuse appears why the complaining parties did not read the contract. *Gunter* v. *Edmonds,* 149 *Ga.* 518 (101 S. E. 118), and cit. *King Lumber Co.* v. *Cowart,* 136 *Ga.* 739 (3) (72 S. E. 37) ; *Langston* v. *Langston,* 147 *Ga.* 318 (93 S. E. 892) ; *Stokes* v. *Humphries,* 152 *Ga.* 621 (111 S. E. 36) ; *Green* v. *Johnson,* 153 *Ga.* 738 (3) (113 S. E. 402) ; *Eliopolo* v. *Eicholz,* 161 *Ga.* 823 (2) (131 S. E. 889) ; *Paris* v. *Treadaway,* 166 *Ga.* 138, 140 (142 S. E. 693) ; *Martin* v. *Turner,* 166 *Ga.* 293 (143 S. E. 239).

(*a*) The instant case differs on its facts from *Baker* v. *Patton,* 144 *Ga.* 502 (87 S. E. 659).

(*b*) One exception to the general rule above stated is where the opposite party employs some artifice or fraudulent scheme which prevents the party signing the instrument from reading it. See *Morrison* v. *Colquitt County,* 176 *Ga.* 104 (167 S. E. 321).

(*c*) "Anything which happens without the agency or fault of the party affected by it, tending to disturb and confuse the judgment, or to mislead him, and of which the opposite party takes an undue advantage, is in equity a surprise, and one species of fraud for which relief is granted." Civil Code, § 4631.

(*d*) It was alleged that the petitioner, a customer, signed a promissory note and also an executory contract for the purchase of land called

"articles of agreement," but, before delivery of either, proceeded to read the contract (which was lengthy and complicated) to ascertain if it truly stated the preliminary agreement, and while reading the paper in the presence of several persons, including the husband referred to above, he was interrupted by the latter, who picked up from the customer's lap one of several important papers and walked away to the fire and exclaimed, "All of you people watch me; no sleight-of-hand work," and at the same time with his left hand pulled his coat sleeve on his right arm up towards his shoulder and extended his right hand over the open fireplace and dropped the paper into the fire by which it was consumed; the effect of which was to surprise and shock the customer, and while he was under influence of such surprise the husband "slipped one copy of said 'articles of agreement,' together with the note therein mentioned, out of petitioner's hand, saying, 'I'll take the note and this copy,'" and went away with them; and on account of such interruption the customer did not read the articles of agreement until he went home and read them that night, and returned next morning and complained that they did not speak the agreement and demanded return of the papers. In these circumstances it can not be said as matter of law that the plaintiff was not prevented from reading the paper at the time it was taken from his possession, and that he could not have injunctive relief to prevent alienation of the note and the duplicate of the contract solely on account of his failure to read the written instrument.

3. The petition alleged a cause of action for injunctive relief, and consequently the entire petition was not subject to general demurrer.

*Judgment reversed. All the Justices concur, except Gilbert, J., who dissents.*

No. 9713. MARCH 1, 1934.

*Ezra E. Phillips,* for plaintiff.
*Mitchell & Mitchell,* for defendants.