## 41682. BRASELTON BROTHERS, INC. v. BETTER MAID DAIRY PRODUCTS, INC.

SUBMITTED JANUARY 10, 1966—DECIDED MARCH 11, 1966—
REHEARING DENIED MARCH 29, 1966—

*Telford, Wayne & Greer, Jeff C. Wayne, Dent Bostick,* for appellant.

*Fortson, Bentley & Griffin, Edwin Fortson, Wheeler, Robinson & Thompson, Emory F. Robinson,* for appellee.

BELL, Presiding Judge. 1. The American Law Institute's Restatement, Agency, §§ 261, 262 (1957) states: "A principal who puts a servant or other agent in a position which enables the agent while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud. . . A person who otherwise would be liable to another for the misrepresentations of one apparently acting for him is not relieved from liability by the fact that the servant or agent acts entirely for his own purposes, unless the other has notice of this."

The law of this State, as declared by our Supreme Court, is in accord with these principles. See *Planters' Rice-Mill Co. v. Merchant's Nat. Bank*, 78 Ga. 574, 584 (3 SE 327). In that case Chief Justice Bleckley wrote: "An agent to tell the truth may bind his principal by telling a lie. A wrongful exercise of delegated authority is not the assumption of authority, but the abuse of it. Thus, an agent empowered to issue and acknowledge receipts of a given kind, based on real transactions, does not by wrongfully issuing and acknowledging receipts of a like kind, based on fictitious or simulated transactions, pass beyond the scope of his authority, but acts fraudulently within it. To hold otherwise would be to rule that an agent cannot commit a fraud and affect his principal by it. Here he had a rightful authority to do a certain class of acts. He did a number of those acts by the wrongful exercise of that authority. His principal must be responsible both for the authority conferred and for its faithful exercise, in so far as there is a right to rely upon the fidelity of its exercise."

Thus, while it is settled that a principal may be subject to liability for the fraud of his agent under circumstances of the kind in question, it must appear, in order to render the principal liable to the defrauded party, that the latter had a right to rely upon the agent's representations. One of the essential elements of a cause of action for the common law tort of deceit based upon fraud is the plaintiff's right to rely upon the representations. *Snow's Laundry &c. Co. v. Georgia Power Co.*, 61 Ga. App. 402, 405 (6 SE2d 159); *Doanes v. Nalley Chevrolet, Inc.*, 105 Ga. App. 846, 847 (125 SE2d 717); *Daugert v. Holland Fur-*

*nace Co.,* 107 Ga. App. 566, 569 (130 SE2d 763). Misrepresentations are not actionable unless the plaintiff was justified in relying upon them in the exercise of common prudence and diligence. *Brim v. Couch,* 184 Ga. 310 (191 SE 94); *Lewis v. Foy,* 189 Ga. 596 (6 SE2d 788). They "must have been made under such circumstances that the injured party had a right to rely on them"; and where the petition fails to show this essential element of an action for deceit, it fails to state a cause of action. *Doanes v. Nalley Chevrolet, Inc.,* 105 Ga. App. 846, 848, supra.

Here, it affirmatively appears that as against defendant Better Maid, plaintiff had no right to rely upon the correctness of the invoices presented by Saxton. Simply checking the invoices against actual deliveries or the capacity of plaintiff's cooler would have revealed the discrepancies, which under the circumstances of this case ought to have been obvious to plaintiff.

In a case very much like this one the Louisiana Court of Appeal has reasoned as follows:

"Assuming that a buyer may ordinarily rely upon the honesty of the seller's agent, we entertain grave doubt that the doctrine should apply where the former could have, by common sense precautions, easily ascertained that he was being defrauded. . . . Simple prudence demanded that plaintiff check the merchandise he received. If he had done so the fraud could not have been committed. It was entirely within his power to discover the agent's deceit as the method employed by the wrongdoers was such as to preclude from the defendant the opportunity of ascertaining the true situation. Would it be just to hold the defendant under such circumstances?

"There is an equitable principle which we think should be invoked in cases like the instant one—that is—that where one of two innocent parties must suffer loss through the fraud of another, the burden of the loss should be imposed upon him who most contributed to it. [See *Ga. Code* § 37-113]. . . Under ordinary conditions, in cases where a fraud has been committed by an agent, the rule has been invoked against his principal for the reason that the employer, by clothing the agent with apparent authority to act for him, has made the accomplishment of the fraud possible. But the doctrine applies with equal force

against the defrauded third person where it appears he could have easily detected the deceit and neglected to do so for, under such circumstances, his fault must be regarded as the proximate and efficient cause of the loss. It cannot be gainsaid that, as between the parties litigant in this case, it was the plaintiff who most contributed to Leman's fraud by his failure to use ordinary diligence in checking the goods delivered to him against the C.O.D. slips." Yoars v. New Orleans Linen Supply Co. (La. App.) 185 S. 525, 529. See also Brooks v. Gray-Von Allmen Sanitary Milk Co., 211 Ky. 462 (277 SW 816, 46 ALR 1207).

We are aware that Yoars has been criticized as being opposed to the greater weight of authority. Billups Petroleum Co. v. Hardin's Bakeries Corp., 217 Miss. 24 (63 S2d 543). However, on the state of facts alleged in this case, we consider the Yoars case to represent the better view, especially since that view is consistent with the principle declared by our appellate courts that "The law does not afford relief to one who suffers by not using the ordinary means of information that may be at hand, whether his neglect be due to indifference or credulity." *Miller v. Roberts*, 9 Ga. App. 511, 512 (71 SE 927); *Watkins v. Mertz*, 83 Ga. App. 115, 121 (62 SE2d 744); *Lewis v. Foy*, 189 Ga. 596, 601, supra.

The fraudulent devices of defendant Saxton were carried on over a period of nearly two years, during which Saxton collected several times the amount of money due by plaintiff upon the actual deliveries. It appears as a matter of law from the pleadings that if plaintiff had made any reasonable check of the items delivered against the invoices presented for payment plaintiff could not have failed to discover the fact that it was being cheated.

The petition failed to state a cause of action for fraud and deceit against defendant Better Maid.

2. Plaintiff contends also that the petition states a cause of action ex contractu upon the alleged promise to pay the sum of $28,000. This contention is without merit. Plaintiff's allegations are insufficient to show a compromise agreement of the nature discussed in *Hale v. Lipham*, 61 Ga. App. 191 (6 SE2d 115). Further, plaintiff's continuing to purchase Better Maid's

products would not give rise to a contract embracing the alleged promise where it was not shown that the promise to pay by Better Maid was in any way related to the continued use of its products by plaintiff.

The trial court did not err in sustaining the general demurrers to plaintiff's petition.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*