## 23498. BRASELTON BROTHERS, INC. v. BETTER MAID DAIRY PRODUCTS, INC.

ARGUED JUNE 13, 1966—DECIDED SEPTEMBER 8, 1966—
REHEARING DENIED SEPTEMBER 22, 1966.

*Telford, Wayne & Greer, Jeff C. Wayne,* for appellant.

*Robinson, Thompson, Buice & Harben, B. Carl Buice, Fortson, Bentley & Griffin, Edwin Fortson,* for appellee.

COOK, Justice. Braselton Brothers, Inc., brought an action against James Saxton and Better Maid Dairy Products, Inc., charging fraud and deceit by Saxton, agent of Better Maid Dairy Products, Inc. Braselton Brothers, Inc., appealed to the Court of Appeals from the judgment of the trial judge sustaining the general demurrer of Better Maid Dairy Products, Inc., to the petition as amended. The Court of Appeals held that the petition alleged fraud of the agent for which the principal might be held liable; but further held that it alleged facts which showed as a matter of law that the plaintiff did not use diligence to discover the fraud, and that the petition therefore failed to allege a cause of action for fraud, and deceit. *Braselton Brothers, Inc. v. Better Maid Dairy Products, Inc.,* 113 Ga. App. 382 (148 SE2d 71). Braselton Brothers, Inc., applied to this court for writ of certiorari, assigning error on the ruling of the Court of Appeals that the pleadings showed a failure of the plaintiff to use diligence in discovering the fraud.

The petition alleged that: For a specified period of almost two years Better Maid Dairy Products, Inc., by and through its named general manager and its agent, James Saxton, "verbally assumed complete and full responsibility for having available in a large cooler, owned by and located in plaintiff's store" sufficient dairy products of Better Maid Dairy Products, Inc., to furnish the plaintiff's customers with such products. No person except the agents, servants, and employees of Better Maid Dairy Products, Inc., including Saxton, "had any authority to place merchandise sold by  .  .  .  Better Maid Dairy Products, Inc., or any other dairy products, in said cooler," and Better Maid Dairy Products, Inc., "was solely responsible for stocking said cooler with merchandise and products sold by plaintiff to its customers." Better Maid Dairy Products, Inc., furnished Saxton books of invoices, receipts, and delivery forms, to be filled out by him to show the quantity delivered, and then to be

used in collecting from the plaintiff for dairy products placed in the cooler of the plaintiff for sale to its retail customers by presenting these filled out invoices, receipts, and delivery forms to the plaintiff's office for payment. The plaintiff's cooler had the capacity to hold specified dairy products, for which the plaintiff was obligated to pay only $18.94. During the period alleged, Saxton daily presented invoices in excess of $18.94. An itemized list is attached to the petition, showing the invoices presented to the plaintiff on specified dates, and the payments made thereon. This list shows the maximum amount of products received on each date ($18.94), and the payments made above this amount, which overpayments total $9,739.93. During the same period Saxton presented to the plaintiff at its office for payment receipts and delivery forms showing that dairy products had been placed in the cooler for sale to the plaintiff's customers, when no dairy products had been placed in the cooler, and Saxton received payments totaling $10,169.27 on these receipts and delivery forms, for which no products had been delivered. An itemized list of these invoices and delivery slips is attached.

The Court of Appeals in its opinion held: "The fraudulent devices of defendant Saxton were carried on over a period of nearly two years, during which Saxton collected several times the amount of money due by plaintiff upon the actual deliveries. It appears as a matter of law from the pleadings that if plaintiff had made any reasonable check of the items delivered against the invoices presented for payment plaintiff could not have failed to discover the fact that it was being cheated." *Braselton Brothers, Inc. v. Better Maid Products, Inc.,* 113 Ga. App. 382, 386, supra.

We can not agree with this conclusion reached by the Court of Appeals. "While a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the representations. Ordinarily the question whether the complaining party could ascertain the falsity of the representations by proper diligence is for determination by the jury. *Elliott v. Marshall,* 179 Ga. 639 (176 SE 770)." *Dorsey v. Green,* 202 Ga. 655, 659 (44 SE2d 377); *City of Dalton v. U. S. Fidelity &c. Co.,* 216 Ga. 602 (118 SE2d 475).

It was alleged that Better Maid Dairy Products, Inc., through its agents, was "solely responsible" for stocking the plaintiff's cooler, and that Better Maid Dairy Products, Inc., had furnished its agent Saxton with forms to be filled out and furnished to the plaintiff for the purpose of presenting bills to it for products delivered. Under the principles enunciated in *Planters' Rice-Mill Co. v. Merchant's Nat. Bank*, 78 Ga. 574, 584 (3 SE 327), which is cited in the opinion of the Court of Appeals, the plaintiff was justified in relying on the bills presented to it by the agent of Better Maid Dairy Products, Inc.

It is insisted by counsel for Better Maid Dairy Products, Inc., that the allegations of the petition showing that the plaintiff paid to the agent of Better Maid Dairy Products, Inc., amounts exceeding the amount due on the daily capacity of the cooler showed a lack of diligence on the part of the plaintiff in discovering the fraud which would prevent it from recovering. The petition does not allege the exact manner in which the deliveries were handled and the collections made. The question of whether the plaintiff used proper diligence in discovering the fraud practiced on it was a question of fact for the jury under the evidence to be introduced at the trial. The allegations of the petition do not show "as a matter of law" (as held by the Court of Appeals) such lack of proper diligence.

It was error for the Court of Appeals to affirm the judgment of the trial judge sustaining the general demurrer of Better Maid Dairy Products, Inc.

*Judgment reversed. All the Justices concur, except Candler, P. J., who dissents.*