### 46829.   LECROY v. ACME MEAT COMPANY, INC.

CLARK, Judge. Plaintiff d/b/a Lecroy's Cafeteria, a regular customer of defendant meat supplier, brought suit in fraud for payments made upon seven invoices for meats which were not in fact delivered although the moneys thus paid were never received by defendant. At the conclusion of plaintiff's evidence the trial judge granted an oral motion to dismiss based upon the sole ground that plaintiff had failed to exercise sufficient diligence. This appeal is from that ruling.

The evidence as it stood at the close of plaintiff's case was that plaintiff in the restaurant business with three locations had a standing order for one of his locations with defendant for several years; that twice weekly defendant through its employees would deliver a specified quantity of cube steak unless the plaintiff changed the order by phone; that they did business on a cash-on-delivery basis. Following an established practice, in December of 1969, January, February and March of 1970, plaintiff through an employee had paid on the presentation of certain invoices for meat allegedly delivered but which in these seven instances had not in fact been received. The manager of defendant corporation testifying on cross examination verified that the invoice forms were identical to the ones his firm used and agreed they did not represent actual business transactions between the parties, since plaintiff had not made any such orders, the defendant had made no such deliveries, and defendant had not received the money thereon. It appears one of the defend-

ant's deliverymen had obtained a pad of blank invoices, would occasionally fill one out, and upon presentation to plaintiff's employees would receive payment without verfication of delivery by plaintiff's employee. This deliveryman left defendant in February but still continued to present the fraudulent invoices and collect thereon until the reprehensible conduct was discovered in March, which was the first time defendant learned of the termination of employment. The fraudulent invoices were for cube steak for the most part but some were for an unusual quantity of ham.

At the close of plaintiff's case defendant made an oral motion to dismiss the case on the ground that plaintiff had neither alleged nor shown by the evidence that he had been properly diligent in this situation. The trial judge agreed and took the case away from the jury. *Held:*

What occurred in this case is very similar to the facts in *Braselton Bros. v. Better Maid Dairy Products,* 113 Ga. App. 382 (148 SE2d 71). There this court held the master could be held liable for the servant's fraudulent presentation of invoices and receiving payment for more goods than were actually delivered by reason of having clothed him with apparent authority and upon the equitable principle contained in *Code* § 37-113 that as between two innocent persons he who put it in the power of the malefactor to inflict the loss should bear it. This court further held, however, in ruling upon a demurrer to the petition that plaintiff, if it had made any reasonable check of the items delivered against the invoices presented for payment, could not have failed to discover it was being cheated, and therefore the petition failed to state a cause of action for fraud and deceit against the principal.

The Supreme Court reversed on certiorari, as to this phase of required diligence by the defrauded plaintiff, stating: "We can not agree with this conclusion reached by the Court of Appeals. 'While a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his

command to ascertain the truth before relying upon the representations. Ordinarily the question whether the complaining party could ascertain the falsity of the representations by proper diligence is for determination by the jury. *Elliott v. Marshall,* 179 Ga. 639 (176 SE 770).' *Dorsey v. Green,* 202 Ga. 655, 659 (44 SE2d 377); *City of Dalton v. U. S. Fidelity &c. Co.,* 216 Ga. 602 (118 SE2d 475)." *Braselton Bros. v. Better Maid Dairy Products,* 222 Ga. 472, 474 (150 SE2d 620).

The trial court here erred in taking the case from the jury and dismissing same for "failure to show any exercise of diligence" as this question of diligence by the plaintiff is for determination by the jury on this set of facts.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.* ARGUED JANUARY 6, 1972—DECIDED FEBRUARY 24, 1972.

*Parker, Parker & Rary, J. C. Rary, Lewis M. Groover, Jr.,* for appellant.