127 Ga. App. 261 (1972)
193 S.E.2d 252
ADKINS
v.
LEE.
47380.
Court of Appeals of Georgia.
Submitted September 13, 1972.
Decided October 10, 1972.
Preston L. Holland, for appellant.
Scott Walters, Jr., for appellee.
CLARK, Judge.
Adkins appeals from a judgment obtained by Lee in an action based upon Lee having been fraudulently induced by Adkins to buy shares of stock in his family business known as Bob's Radio Service, Inc. The corporation was originally joined as a party defendant *262 but was stricken after its bankruptcy. In this opinion we will refer to the parties in the position occupied in the court below.
After a few weeks of consideration of Adkins' proposal Lee agreed to buy an interest in the business for an agreed price payable in instalments. As a part of the agreement plaintiff was to be employed in the business as a shipping clerk for a stipulated salary. Although denied by defendant, plaintiff's contention was that defendant represented his business to be profitable and that Lee was to receive 20% of the voting shares with a par value of $50 each. Unknown to plaintiff all of the authorized voting shares consisting of 200 shares of Class A voting stock at $50 par value had been issued to Adkins and his wife so plaintiff was tendered Class B non-voting stock with a par value of $500 per share.
After making his initial payment and beginning employment plaintiff sought to examine the corporate books but was unable to do so because of various plausible excuses being offered. After making three instalment payments constituting a part of the agreed purchase price plaintiff learned the company was being sued and that the business was operating at a loss. He thereafter quit his employment and sought refund of the amounts paid.
This lawsuit followed with the complaint as amended being based on legal fraud in that defendant "induced plaintiff to purchase" voting shares to the extent of 20% of a profitable business which in fact was operating at a loss. The thrust of the fraudulent conduct was wilful concealment of material facts. The jury's verdict for plaintiff indicated its acceptance of plaintiff's version and rejection of defendant's contentions.
The appeal argues the trial court erred in having overruled a motion for a new trial which by amendment to the general grounds included averments of error based upon an evidentiary ruling and refusal of the trial court to sustain defendant's several motions for directed verdict. Held:
*263 1. As the verdict for Lee is supported by evidence and conforms with legal requirements, enumerations 1, 2 and 3 based upon the general grounds of the new trial motion are without merit.
"The essential allegations of such an action [action based on fraud and deceit] are `(1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damages as the proximate result of their having been made.' McBurney v. Woodward, 86 Ga. App. 807, 814 (67 SE2d 398)." Republic Mortgage Corp. v. Beasley, 117 Ga. App. 303, 307 (160 SE2d 429).
"Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud." Code § 37-703; Gaines v. Watts, 224 Ga. 321 (161 SE2d 830) and cits.
Plaintiff's evidence comes within these legal principles. Concealment by defendant of the financial status of the corporation when it was in fact a losing business facing lawsuits coupled with delivery of non-voting stock instead of the promised voting stock constituted legal fraud when it was proven to the satisfaction of the jury.
2. The 4th enumeration of error attacked the correctness of the court sustaining an objection to this question: "If the U. S. District Court calls upon you to pay the balance that you we this corporation are you still willing to pay that, sir?" As this dealt with a conjecture concerning possible action in the bankruptcy court it was not relevant to the issue as to whether or not plaintiff was entitled to recover the amounts he had paid to defendant.
3. Enumerations 5, 6 and 7 deal with the correctness of the trial court overruling the motion for directed verdict in behalf of defendant which motion was twice renewed. All *264 of the grounds urged in support of this motion were premised upon the case being one for rescission of an oral contract. As originally filed this contention had merit but plaintiff's amendment made the case a tort action for legal fraud. "Any misrepresentation intended to deceive and which does deceive is a fraud, for which a party is entitled to a remedy at law." Oliver v. O'Kelley, 48 Ga. App. 762 (1) (173 SE 232). Since "Questions of fraud and bad faith are ordinarily for a jury" (Crowder v. Electro-Kinetics Corp., 228 Ga. 610, 614 (187 SE2d 249)) and as materiality of misrepresentation is ordinarily a jury question (Ga. Internat. Life Ins. Co. v. King, 120 Ga. App. 682, 685 (172 SE2d 167)), the trial court correctly refused to sustain defendant's motions for a directed verdict.
4. Under the facts sub judice, the jury found plaintiff had exercised the diligence necessary on his part and was not guilty of "blind reliance." Browning v. Richardson, 181 Ga. 413, 415 (182 SE 516). Blind reliance exists where "it cannot be said that the purchase originated in fraud so much as in the carelessness of the purchaser to exercise ordinary care for his own interest." Feingold v. McDonald Mortgage &c. Co., 166 Ga. 838, 840 (145 SE 90). "While a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the representations. Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for determination by the jury." Elliott v. Marshall, 179 Ga. 639, 640 (176 SE 770) and cits. Plaintiff passed this test to the jury's satisfaction.
Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.