48990. HENDRIX et al. v. SCARBOROUGH et al.

HALL, Presiding Judge.

Mr. and Mrs. Hendrix, appellants, appeal from three orders entered by the trial court in a suit on a note and guaranty brought by one Scarborough against ap-

pellants, in which appellants raised constructive fraud as a fourth defense and also filed a third party complaint on the basis of constructive fraud against Mr. and Mrs. Rutland.

The pleadings show that appellants and the Rutlands were all the directors and shareholders of Marcona, Inc., and that Scarborough undertook to loan the corporation money on its note together with certain personal guaranties. Appellants contend in their fourth defense that Scarborough requested that all four directors sign guaranties and knew that all four signatures were required as a condition precedent to the document's validity; that Scarborough brought the document to the appellants who signed and left for Florida with the understanding that Scarborough would obtain the signatures of the Rutlands as he had undertaken to do; that Scarborough never revealed to appellants that the Rutlands had refused to sign until on or about the time he sued appellants on their guaranty; and that Scarborough's failure to reveal these facts constituted constructive fraud.

The third party complaint as originally filed alleged basically the Rutlands' failure to execute the guaranty in violation of their agreement to do so; however by amendment appellants averred constructive fraud in that the Rutlands failed both to execute the agreement and to advise appellants of that fact despite their knowledge that appellants signed only upon the understanding and expectation that the Rutlands would also sign.

The orders here appealed from granted Scarborough's motion to strike the fourth defense as insufficient, immaterial and impertinent; granted the Rutlands' motion to strike the amendment to the third-party complaint on the ground that it sought equitable relief in a court of law; and granted the Rutlands' motion to uphold their affirmative defense of the Statute of Frauds. Here, we are solely concerned with the pleadings and not with evidence.

Turning to the fourth defense, the pleading is sufficiently particularized to satisfy the requirement of Code Ann. § 81A-109 (b) concerning the pleading of fraud;

facts are alleged which, if proved, would lead to the conclusion that fraud had been committed. See *Continental Investment Corp. v. Cherry,* 124 Ga. App. 863, 865 (186 SE2d 301).

Scarborough urges here that as a matter of law this pleading states no claim in fraud, because he had no duty to disclose the failure of the Rutlands to sign the guaranty, and because the defense does not allege any action in reliance upon the nondisclosure. The grant of the motion here was error if the pleadings did not affirmatively show that there was no set of facts entitling appellants to relief which might be adduced under the defense as pleaded. *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163 SE2d 327). The fourth defense does not show conclusively that appellants will be entitled to no relief thereunder. On analogous facts, relief was held proper in *First Nat. Bank of Dalton v. Black,* 108 Ga. 538 (34 SE 143), Headnote one of which reads in its entirety as follows: "When a bank holds a mortgage upon property which is likewise subject to a lien for taxes that is about to be enforced by levy and sale of the property, and, through its authorized agent, agrees to advance the money to pay such taxes, on condition that another party, who was not liable for the taxes, will give a note payable to the bank for the money so advanced, under a promise that he will never be called on to pay the note but that the proceeds of the sale of the property realized on the mortgage will be first applied to the payment of the taxes; and when the property is thereafter sold and the bank appropriates the proceeds of the sale to the payment of the mortgage without applying any part thereof to the taxes, the bank is not entitled to recover on the note." The *Black* case, like the present appeal, concerned parties in business with one another, and specifically stated that the court thought the law of fraud applicable to the facts. Id., p. 542.

Moreover, the mere fact that one alleged fraudulent act of Scarborough was one of nondisclosure—failure to reveal that the Rutlands failed to sign—does not mean that appellants are barred from relief in the absence of a confidential relationship between the parties sufficient to put Scarborough under a duty of disclosure. Our

statute is broader than that: "Constructive fraud consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another." Code § 37-702. "Suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties *or from the particular circumstances of the case.*" Code § 37-704. (Emphasis supplied.)

Before the particular circumstances of this case have been made to appear through the introduction of evidence, we will not say as a matter of law that there is no set of facts under which, if proved, appellants will be unable to claim that Scarborough's nondisclosure amounted to constructive fraud. See generally, 12 Encyc. of Ga. L., p.633, Fraud and Deceit, § 7 (1967); Prosser, Law of Torts, p. 694, § 106 (4th Ed. 1971). For example, in *Reeves v. Williams & Co.,* 160 Ga. 15 (127 SE 293), the Supreme Court held in a landlord/farm-tenant/merchant situation that the landlord's failure in some circumstances to advise the merchant selling to the tenant of a change in the landlord-tenant arrangement could constitute fraud by silence. That case was decided under the predecessor to Code § 37-704, and finds fraud possible where there is no classical "confidential relation" but there is a "change of conditions [which] would impose a duty of disclosure." Id., p. 19.

Nor was the defense properly dismissed for absence of other elements. As we wrote in *Neville v. Buckeye Cellulose Corp.,* 118 Ga. App. 439 (164 SE2d 257), "The allegations do not show as a matter of law, as contended by the defendant, a failure by the plaintiff to exercise proper diligence, or that it was not reasonable for the plaintiff to rely on the alleged deceitful representations as to quality and weight, or that the plaintiff was not fraudulently prevented from ascertaining the true facts. Only by evidence presented to a jury, perhaps including the customs of the business and course of dealing between the parties, can these issues be determined. *Braselton*

*Bros. v. Better Maid Dairy Products,* 222 Ga. 472 (150 SE2d 620)." Nor will we rule, as Scarborough urges us to, that as a matter of law there was no action which appellants could have taken to protect themselves *had* they been told of the Rutlands' not signing, so that they cannot be said to have relied upon the misrepresentation inherent in the nondisclosure. This question is for the jury. Cf. *Neville v. Buckeye Cellulose Corp.,* supra.

Accordingly, the trial court erred in granting Scarborough's motion to strike the fourth defense.

Appellants' second enumeration urges error in granting the Rutlands' motion to strike the amended third-party complaint alleging constructive fraud on grounds that the amendment sought equitable relief which the trial court, the State Court of Muscogee County, did not have jurisdiction to grant. Examination of the prayer for relief contained in the third party complaint shows that "the third party plaintiffs demand a judgment against the third party defendants for any sum that may be assessed against the defendants, your petitioners herein, as concerns any judgment in favor of the plaintiff. . ." This is a prayer at law for money damages on the ground of constructive fraud (cognizable at law), and seeks no affirmative equitable relief of a type which would oust the court from jurisdiction. The Rutlands' suggestion that the award of such damages would amount to a decree of specific performance compelling them to execute the guaranty agreement is without merit. It is true that the amendment prayed "that its original prayers be granted and for such other and further relief as to the court seems *equitable* and just." (Emphasis supplied.) The reference to equitable relief does not warrant dismissing the amendment so long as it requests relief at law within the power of the court to grant. Blalock v. Equitable Life Assurance Soc., 75 F 43 (5th Cir.). The trial court erred in granting the motion.

The third enumeration urges error in the trial court's grant of the Rutlands' motion to sustain their affirmative defense of the Statute of Frauds. They argue here that the guaranty agreement is a promise to answer for the debt of another and under Code § 20-401 (2) it may

not be enforced against them unless they signed a writing to that effect. This contention is without merit for the reason that the third-party complaint does not seek to enforce a guaranty agreement, but seeks damages for the Rutlands' alleged fraud in misrepresenting their intentions and actions with reference to the agreement. The trial court erred in granting the motion.

*Judgments reversed. Deen and Stolz, JJ., concur.*

SUBMITTED JANUARY 17, 1974 — DECIDED MARCH 15, 1974.

*Martin, Kilpatrick & Davidson, Paul Kilpatrick, Jr.,* for appellants.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley, Owens, Littlejohn, Gower & Pugh, Neal B. Littlejohn,* for appellees.