### 49511, 49565. TRAVEL WHOLESALE, INC. v. HERREN; and vice versa.

WEBB, Judge.

Travel Wholesale, Inc. brought suit against Shirley Herren on a promissory note in the sum of $1,875, which allegedly represented the amount of advance commissions paid by plaintiff to defendant in regard to a charter flight to Spain which she helped organize. The note, attached to the complaint as an exhibit, provided that defendant would pay back the sum on demand in the event the flight did not operate, and that the commissions paid to defendant were not earned until the flight returned and all invoices were paid.

Defendant answered and counterclaimed pro se, denying signing a promissory note, and alleging that she had only signed a blank receipt for her salary which Mr. Ken Erwin, plaintiff's president, had represented to her was for tax purposes only so that he could deduct the amount of the salary; that the promissory note was written in above her signature after she left the office; that plaintiff and Erwin had her organize a travel club which, unknown to her, was a sham company set up to create illegal charter flights booked through Erwin's corporation; that she was unaware of the illegality; that Erwin used defendant's residence as the club's business address as part of the sham; that passengers came to Atlanta for the Spain flight but were left stranded when federal authorities canceled the flight; that Erwin, president and owner of the corporation, closed his office and left town, and the passengers began calling defendant demanding their money back causing her fright, fear, etc. Defendant sought $2,500 actual damages for work performed for plaintiff, "$1,000 damages for copying in a promissory note against me instead of a receipt as he promised," and $5,000 punitive damages.

The jury returned a verdict for defendant in the amount of $325 for work performed, $1,000 for fraud and deceit with respect to the promissory note, and $1,800 punitive damages. The trial court overruled plaintiff's motion for new trial, but struck the item of recovery for fraud. Plaintiff appeals, and defendant cross appeals.

*Held:*

1. Plaintiff submitted no written requests to charge the jury, and there is no merit in its enumeration of error that the court erred "in refusing to further charge the jury on the legal theories upon which the [defendant] was seeking damages against the [plaintiff]." *Pritchard v. Myers,* 219 Ga. 290, 291 (2) (133 SE2d 95); *General Oglethorpe Hotel Co. v. Lanier,* 99 Ga. App. 401, 402 (3) (108 SE2d 769); *Brown v. Kirkland,* 108 Ga. App. 651 (5) (134 SE2d 472); *Elam v. Atlantic C. L. R. Co.,* 115 Ga. App. 656, 658 (7) (155 SE2d 644); *Moon v. State,* 120 Ga. App. 141, 145 (15) (169 SE2d 632); *Sapp v. Kitchens,* 124 Ga. App. 764, 765 (5) (186 SE2d 121); *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173 (186 SE2d 566) and cases cited; *Bailey v. Todd,* 126 Ga. App. 731, 733 (191 SE2d 547).

2. (a) Plaintiff contends that defendant should not have relied upon Erwin's good faith and honesty and trusted him to complete the receipt as represented, and that by doing so she defeated her right to recovery therefor as a matter of law. This contention is without merit.

Whether an injured party is justified in relying upon a misrepresentation, or whether he has used proper diligence in preventing the fraud and deceit, are ordinarily questions for determination by the jury. *Fenley v. Moody,* 104 Ga. 790 (30 SE 1002); *Braselton Bros. v. Better Maid Dairy Products,* 222 Ga. 472 (150 SE2d 620), reversing this court's judgment in 113 Ga. App. 382 (148 SE2d 71); *Cato v. English,* 228 Ga. 120 (184 SE2d 161); *Tingle v. Harvill,* 228 Ga. 332, 336 (2) (185 SE2d 539); *Adkins v. Lee,* 127 Ga. App. 261 (193 SE2d 252).

We find nothing in the record to take this case out of the general rule. "Accordingly, we apply the rule of *Cheney v. Powell,* 88 Ga. 629 (15 SE 750); *City of Dalton v. United States Fidel. &c. Co.,* 216 Ga. 602 (118 SE2d 475); *Braselton Bros. v. Better Maid Dairy Products,* 222 Ga. 472 (150 SE2d 620); *A. M. Kidder & Co. v. Clement A. Evans & Co.,* 111 Ga. App. 484 (142 SE2d 269), holding that the perpetrator of a gross and vicious fraud should not be permitted to set up as a defense that the plaintiff should not have relied upon his good faith and honesty and that whether, under these circumstances,

[defendant] has been guilty of such negligence in not informing himself of the facts as to defeat his right of recovery is a jury question." *Smith v. Holman,* 117 Ga. App. 248, 249 (160 SE2d 533).

(b) Defendant testified that Erwin, president of plaintiff corporation, continually refused to pay her for her work, but that when she discovered the illegality of his operations and confronted him with her knowledge, he agreed to and did pay her $1,875 on a salary rather than a commission basis; that at the time of this payment he induced her to sign her name to a blank paper, falsely representing to her that when his secretary returned to the office it would be filled in as a salary receipt for his tax records; but that Erwin, contrary to his representations, then filled in the blank space in handwriting with a promissory note to the effect that the $1,875 was paid as advance commissions which would be repaid on the contingencies set out above. Erwin, on the other hand, testified that plaintiff was to be paid on a commission basis, and that defendant signed the promissory note after it had been completed. Erwin did not produce the purported witnesses and notary public whose names appear on the document, and defendant testified that they were not present at the transaction. The jury chose to believe defendant rather than Erwin and, as held above, she was not precluded as a matter of law from recovery for this fraud. Consequently the judgment must be reversed in the cross appeal with direction to reinstate the recovery therefor.

(c) Recovery for fraud being authorized, the award of punitive damages was not improper.

3. Defendant testified that plaintiff had agreed to pay her $250 per month salary in lieu of commission, and that at the time the parties severed their relationship plaintiff owed her $2,200 in salary, of which $1,875 had been paid to her. The jury awarded her the difference of $325. Plaintiff contends that recovery of this amount was unauthorized because the payment of the $1,875 effected an accord and satisfaction of the entire claim for salary. However, the evidence shows only that plaintiff was unable or unwilling to pay her more than $1,875 at that particular time, and it does not demand a finding that the

payment was made and accepted in full and complete settlement of the claim and that there was a meeting of the minds to this effect. Accordingly, this contention is without merit. *Pennsylvania Threshermen &c. Ins. Co. v. Hill,* 113 Ga. App. 283 (148 SE2d 83).

*Judgment affirmed in main appeal; reversed in cross appeal with direction. Pannell, P. J., and Quillian, J., concur.*

Submitted July 8, 1974 — Decided September 4, 1974.

*Feagin & Feagin, John E. Feagin,* for appellant.
*Nancy E. Barron,* for appellee.