## 54563. THOMPSON v. WILKINS et al.

BIRDSONG, Judge.

This is an appeal from a summary judgment in favor of appellee Citizens & Southern National Bank (bank) on a promissory note signed by appellant as guarantor. Appellant contends that the trial court erred in granting summary judgment as there were genuine issues of material fact. *Held:*

1. On May 5, 1976, appellant executed a guaranty agreement, the terms of which obligated her to ensure full and prompt repayment of a loan advanced to one Wilkins, who by virtue of unperfected service in the original action, is not a party to the present appeal. The record reflects that appellant alleged in her complaint that appellee bank, through its agent, "advised [appellant] of certain financial data thereby inducing her to execute said guaranty and that said agent or agents either falsely or neglegently [sic] supplied misinformation, and as a result thereof, [appellant] was injuried [sic] ..." in the amount of the note which she had guaranteed. In her amended complaint, appellant further alleged that appellee bank, through its agent, "deceitfully and with the sole intentions [sic] of gaining business for his employer misrepresented to the [appellant] the results of his investigation. . . ." Finally, in an affidavit, appellant stated that ". . . the bank never made the inquiries to ascertain the existence of said contract [upon which appellant alleged reliance] but nevertheless advised [appellant] that such contract did exist. Accordingly, it is

obvious that the [bank] knew that the statements as to the existence of said contract were false when they were made. . . ." The bank answered only that ". . . at [appellant's] request, an officer of the bank made a telephone inquiry to a specific individual identified by [appellant] to the bank, and thus, the bank officer related to [appellant] what he had been told by the individual. . ."

2. "Fraud renders contracts voidable at the election of the injured party." Code § 20-502. Cf. Ga. UCC, Code. Ann. § 109A-3—306 (b) (Ga. L. 1962, pp. 156, 255). "Fraud may be actual or constructive. Actual fraud consists in any kind of artifice by which another is deceived. Constructive fraud consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another." Code § 37-702. "Thus, under the first subdivision of this code section, '[a]ny misrepresentation intended to deceive and which does deceive is a fraud. . ." (*Oliver v. O'Kelley,* 48 Ga. App. 762 (1) (173 SE 232); *Adkins v. Lee,* 127 Ga. App. 261, 264 (193 SE2d 252)), and the result is the same under the second subsection if the plaintiff's agent 'innocently, by mistake, misrepresents to another a fact which is material . . . [because] it is fraud in law. . .' *Bass v. Seaboard A. L. R. Co.,* 205 Ga. 458 (1) (53 SE2d 895); *Boroughs v. Belcher,* 211 Ga. 273 (1) (85 SE2d 422); *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, supra, 741; Code § 37-703. Material misrepresentation, made for the purpose of inducing another to execute a promissory note 'will authorize the [maker], after executing the note, to rescind the transaction on discovery, of the fraud, if he relied upon the representation and was induced thereby to execute the note. . .' *Nipper v. Griffin Mercantile Co.,* 31 Ga. App. 211 (3) (120 SE 439). Accord, *Bentley v. Barlow,* 178 Ga. 618 (2c) (173 SE 707)." *Lewis v. C. & S. Nat. Bank,* 139 Ga. App. 855, 861 (229 SE2d 765).

"The cardinal rule of the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is an issue." *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736, 739 (123 SE2d 179). " 'Where the evidence on a motion for summary judgment is ambiguous or doubtful,

the party opposing the motion must be given the benefit of all reasonable doubts and all favorable inferences and such evidence construed most favorably to the party opposing the motion.' " *Cooper v. Plott,* 226 Ga. 647, 648 (177 SE2d 82); *Jordan v. Ailstock,* 230 Ga. 67, 70 (195 SE2d 425). "To prevail on motion for summary judgment, the movant has the burden to produce evidence which conclusively eliminates all material issues in the case." *Metropolitan Life Ins. Co. v. Forsyth,* 122 Ga. App. 463, 464 (177 SE2d 505); *Kohlmeyer & Co. v. Bowen,* 130 Ga. App. 386, 387 (4) (203 SE2d 630).

Examining the evidence in light of the principles enunciated above we cannot say as a matter of law that a jury could not have found actual or constructive fraud. See *Hendrix v. Scarborough,* 131 Ga. App. 342, 344 (206 SE2d 42); *Lewis v. C. & S. Nat. Bank,* supra. By its very nature, fraud is subtle, and its existence may be proved by slight circumstances. See Code Ann. § 37-706. "Whether a note or other writing was procured by fraud is a question of fact for the determination of a jury." *Crandall v. Sheppard,* 166 Ga. 889 (3) (144 SE 772); *Crowder v. Electro-Kinetics Corp.,* 228 Ga. 610, 614 (187 SE2d 249); *Adkins v. Lee,* 127 Ga. App. 261, 264 (3) (193 SE2d 252); *Lewis v. C. & S. Nat. Bank,* supra. The trial court erred in granting summary judgment to plaintiff.

3. In response to appellee's contention that the trial court erred in admitting parol evidence to establish fraud in the inception of the note, we simply note that "[t]he parol evidence rule does not apply when it is attempted to show that a written instrument is void because of fraud." *Hinson v. Hinson,* 221 Ga. 291 (2) (144 SE2d 381); Code § 38-503.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

Argued September 8, 1977 — Decided November 4, 1977.

*Hirsch Friedman,* for appellant.
*Alston, Miller & Gaines, Jack H. Senterfitt,* for appellees.