## A89A1507. LAMB v. THALIMER ENTERPRISES, INC. et al.
(386 SE2d 912)

SOGNIER, Judge.

Thalimer Enterprises, Inc., and Daniel Thalimer obtained a judgment against Donald Lamb and Redi-Ticket Travel Corporation, and then filed an affidavit of garnishment in Clayton County, naming Trust Company Bank of Clayton County (hereinafter the "Bank") as garnishee. Carol Lamb, Donald Lamb's estranged wife, became a party to the garnishment action upon filing a claim pursuant to OCGA § 18-4-95. We authorized Carol Lamb's discretionary appeal from an order of the trial court holding that the entire sum deposited with the Bank in a joint account owned by Lamb and her husband, Donald Lamb, was subject to garnishment.

At the hearing Donald Lamb testified that in 1985 or 1986 he opened a money market account at the Bank to use as an escrow account for his business, Travel Agents International. Appellant was added as a signatory to the account (hereinafter the "joint account") in April 1986, and she acquired the business from Lamb in October 1987. Both she and Lamb testified that the joint account was used solely for the deposit of business funds, and that Lamb had no personal funds in the joint account after the sale of the business to appellant. Appellant filed for divorce in Clayton County on May 11, 1988. On July 29, 1988, appellant and Lamb sold their Fayette County residence and received a joint check in the amount of $29,526.69, which was deposited in the joint account. Both appellant and Lamb testified that appellant owned all of the equity in the house and thus was entitled to the entire proceeds from the sale, and that the check received at closing, which was payable to them jointly, was deposited in the joint account so that appellant could earn money market interest on the sum until she decided upon the ultimate disposition of the money. Evidence also was adduced that on the day of the closing Lamb wrote a check for $20,000 on the joint account, which he testified he did to purchase certificates of deposit for appellant, but the check was dishonored by the Bank.

The record also reveals that on June 9, 1988 appellees obtained a judgment against Lamb and Redi-Ticket Travel in DeKalb County State Court in the amount of $33,738.36, and a fi. fa. was issued on June 10th and recorded in the Fayette County general execution docket on June 29th. Appellees filed their affidavit of garnishment with the Bank as garnishee on July 26, 1988, and after appellant asserted she had a claim superior to that of appellees the Bank deposited the balance of the joint account, $29,695.75, into the registry of the court. After an evidentiary hearing the trial court found that the joint account contained funds from the sale of the residence of appellant and Lamb, that the check given at the closing was endorsed by

both parties, and thus the joint account was "joint and several" so that the garnishment was proper against all funds in the account.

1. Appellant contends the trial court erred by failing to apply the provisions of OCGA § 7-1-812 (a) which provides: "[a] joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." "Net contribution" of a party is defined as "the sum of all deposits [to the joint account] made by or for him, less all withdrawals made by or for him which have not been paid to or applied to the use of any other party," OCGA § 7-1-810 (6), and "party" "means a person who, by the terms of the account, has a present right, subject to request, to payment from a multiple-party account. . . . Unless the context otherwise requires, it includes a[n] . . . assignee, including an attaching creditor, of a party." OCGA § 7-1-810 (7). Application of OCGA § 7-1-812 (a) is limited to "controversies between [parties] and their creditors." OCGA § 7-1-811.

In the case at bar, the trial court found that the proceeds from the sale of the house appellant and Lamb jointly owned comprised the funds deposited in the joint account, and the parties on appeal do not contest that finding. Instead, appellant contends the trial court erred by failing to attribute half of that sum to her as her net contribution as required by OCGA § 7-1-812 (a). We agree with appellant that OCGA § 7-1-812 (a) should be applied to determine the extent to which appellees are entitled to garnish the funds in the joint account because the garnishment arose out of a dispute between a party to the account, Lamb, and his creditors, appellees. See OCGA § 7-1-811. We also agree with appellant that if there is no evidence of a contrary intent, given the findings of fact made by the trial court half of the amount in the joint account should be distributed to her. See *Anderson v. First Nat. Bank*, 151 Ga. App. 573, 574 (260 SE2d 501) (1979). Contrary to appellees' argument, we do not read the description of "withdrawals" in the definition of "net contribution" (OCGA § 7-1-810 (6)) as including payment to appellees in response to their affidavit of garnishment because the statute refers only to withdrawals "made by or for" the party whose net contribution is being determined, and no payments were made or were required to be made to appellees by or for appellant. Nor was there any assignment by Lamb to appellees of any rights to the funds in the joint account so as to entitle appellees to the rights of a party as provided in OCGA § 7-1-810 (7). Compare *Copeland v. Peachtree Bank &c. Co.*, 150 Ga. App. 262, 263 (2, 3) (257 SE2d 353) (1979). However, we cannot determine from either the transcript of the hearing or the order entered below whether the trial court applied OCGA § 7-1-812 (a), as there are no findings of fact on the question, posed by the statute, of whether

there was "clear and convincing evidence of a different intent" on the part of appellant and her husband to allocate the funds in any manner other than by an even division, nor was the statute cited. Accordingly, we vacate the lower court's order and remand this action with direction that the court determine whether there is clear and convincing evidence that the net contribution of appellant to the joint account was less than half of the total amount deposited, and then allocate the sums according to the mandate of OCGA § 7-1-812 (a).

2. In the lower court proceeding, the purchasers of the Lambs' house were added as parties and raised an equitable claim to the funds in the joint account. The purchasers have not appealed from the trial court's ruling, but appellees contend they also have an equitable defense to appellant's claim. They assert that as appellant signed an affidavit at the house closing stating there were no lawsuits pending against her or Lamb even though she had filed for divorce two months earlier, pursuant to OCGA § 23-1-14 as between appellant and appellees, appellant should bear the loss. Even assuming this defense was properly raised below, as the record is devoid of any evidence that appellees relied on the representations made by appellant at the closing, appellees are not entitled to avail themselves of OCGA § 23-1-14. See *Braselton Bros. v. Better &c. Prods.*, 113 Ga. App. 382, 384-385 (1) (148 SE2d 71), rev'd on other grounds, 222 Ga. 472 (150 SE2d 620) (1966).

*Judgment vacated and case remanded with direction. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 28, 1989.

*Harry A. Osborne*, for appellant.
*Wall & Noonan, Barbara B. Barker, W. Alford Wall, John M. McCarter*, for appellees.